IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| CLIFF DETEMPLE d/b/a/ | : | |
| TURNING POINT SYSTEMS | : | |
| GROUP, | : | |
| | : | |
| Plaintiff, | : | CIVIL ACTION NO. |
| | : | 1:09-CV-3272-RWS |
| v. | : | |
| | : | |
| LEICA GEOSYSTEMS, INC., | : | |
| | : | |
| Defendant. | : | |

## <u>ORDER</u>

This case comes before the Court on Plaintiff's Motion for

Reconsideration [58] and Plaintiff's Motion for Leave to File a Supplemental

Affidavit [63].  After reviewing the record, the Court enters the following

Order.

## Background

Plaintiff urges this Court to reconsider its decision dismissing Plaintiff's

Count I as untimely. [58 at 1-2].  He argues first, that the Court did not calculate

the statute of limitations properly.  Second, he argues that the Court should

consider new evidence regarding the dates of his service with the U.S. Coast

Guard to further toll the statute of limitations and render his claim timely-filed.

The facts underlying this case are further set forth in this Court's February 27, 2013 Order granting summary judgment to Defendant [56]. Defendant produces products and systems for surveying and geographical measurement.  In April 2003, Plaintiff and Defendant entered into a Distribution Agreement ("Survey Contract") under which Plaintiff became a distributor of Defendant's survey products.  Plaintiff missed his performance target under the Survey Contract, and on July 14, 2006, Defendant advised Plaintiff that he would need to meet performance targets to avoid termination. Plaintiff did not meet his performance targets, so on September 29, 2006, Defendant notified Plaintiff that it was terminating the Survey Contract.

On March 28, 2008, Plaintiff sued Defendant in the Eastern District of Wisconsin under the Wisconsin Fair Dealership Law ("WFDL").  On June 24, 2009, the Wisconsin Court dismissed the WFDL claim, with prejudice, on the ground that the claim was time-barred.  [36-10].  The Wisconsin Court explained:

> A WFDL action accrues and the one year statute of limitations
> starts running on [September 29, 2006,] the date that the dealer
> receives the written notice of termination. . . .  However, the period
> was interrupted and tolled for 180 days - the length of DeTemple's
> active duty with the Coast Guard [pursuant to the Servicemembers

> Civil Relief Act]. Therefore, to calculate the effective end date of the statute of limitations period, the court will simply count 180 days beyond DeTemple's September 23, 2007, return from active duty.  [Because this later date falls on a Saturday,].... DeTemple's WFDL claim expired on Monday, March 24, 2008.  This end date precedes DeTemple's March 28, 2008 filing and renders his claim untimely.

Id. at 4, 6.

Plaintiff filed a motion to alter or amend the Wisconsin Court's judgment, arguing that the Wisconsin Court had erred in relying on Plaintiff's own affidavit because the court was limited to consideration of the four corners of the complaint for purposes of a Rule 12(b)(6) motion to dismiss.  Ultimately, the Wisconsin Court agreed that its Rule 12(b)(6) review was limited to Plaintiff's complaint.  [36-11 at 6].  The Court vacated its judgment concerning the WFDL claim, and dismissed Plaintiff's claims without prejudice for refiling in Georgia pursuant to the parties' forum selection clause.  Id. at 10.

On November 20, 2009, Plaintiff filed this action in the Northern District of Georgia.[1]  On December 21, 2009, Defendant filed a motion to dismiss,

---

[1] Plaintiff later added claims for breach of contract, which claims were dismissed pursuant to this Court's February 27, 2013 Order [56 at 21].  Plaintiff does not challenge the dismissal of his breach of contract claims, so the only issue before this Court is reconsideration of whether Plaintiff's WFDL claim was timely.

3

reiterating its argument that Plaintiff's WFDL claim was time-barred [3 at 1].

Plaintiff then filed an amended complaint, and Defendant filed a motion to

dismiss the amended complaint, again arguing that the WFDL claim was time-

barred.  [14 at 2].  This Court reserved ruling on the statute of limitations issue

because the Court had "no way of determining Plaintiff's actual days of military

service" without "going beyond the scope of Rule 12(b)(6) and the face of

Plaintiff's complaint. [23 at 3-4].

On April 23, 2012, under the Freedom of Information Act, Defendant

requested from the Coast Guard "documents sufficient to provide information

regarding [Plaintiff's] dates of active Coast Guard Service...between September

29, 2006 and March 28, 2008...for the purposes of receiving the benefits of the

Service Members Civil Relief Act..."  (U.S. Coast Guard FOIA Request

Response, Dkt. [36-14] at 2.)  The U.S. Coast Guard responded that Plaintiff

was on active duty for 176 days during the time period of March 28, 2007 to

September 23, 2007.  Id.  The Coast Guard sent a follow-up letter regarding

Defendant's FOIA inquiry on June 26, 2012.  (U.S. Coast Guard FOIA Request

Follow-up Response, Dkt. [45-12] at 2.) The second letter stated that Plaintiff

was recalled to active duty for *180 days* during the relevant time period, but listed the same dates of service.

On June 5, 2012, Defendant filed a motion for summary judgment, reiterating that Plaintiff's WFDL claim was time-barred.  [36 at 2].  This Court ultimately agreed and dismissed Plaintiff's WFDL claim as untimely.  [56 at 11].  This Court explained that actions under the WFDL, Wisc. Stat. § 135.01, *et seq.*, must be commenced within one year after the cause of action accrues. [56 at 6].  The WFDL claim accrued, and the statute of limitations began running on September 29, 2006 when Plaintiff received the written notice of termination.  Id.  But under the Servicemembers Civil Relief Act ("SCRA"), 50 App. U.S.C. § 501, *et seq.*, the limitations period was tolled during the time that Plaintiff served active duty for the U.S. Coast Guard.  Id.

Construing the facts in Plaintiff's favor, this Court found that Plaintiff's WFDL claim was tolled for 182 days, beginning from when Plaintiff received written orders to report for military service (March 26, 2007) and 180 days of active duty (March 28, 2007 to September 23, 2007).  Id. at 11.  After crediting 182 days of tolling, this Court found that the WFDL claim expired on March 24, 2008, which rendered Plaintiff's March 28, 2008 filing untimely.  Id.

**Discussion**

## I.      Legal Standard - Motion for Reconsideration

Under the Local Rules of this Court, "[m]otions for reconsideration shall not be filed as a matter of routine practice[,]" but rather, only when "absolutely necessary." LR 7.2(E), NDGa. Such absolute necessity arises where there is "(1) newly discovered evidence; (2) an intervening development or change in controlling law; or (3) a need to correct a clear error of law or fact." <u>Bryan v. Murphy</u>, 246 F. Supp. 2d 1256, 1258-59 (N.D. Ga. 2003). A motion for reconsideration may not be used "to present the court with arguments already heard and dismissed or to repackage familiar arguments to test whether the court will change its mind." <u>Id.</u> at 1259. Nor may it be used "to offer new legal theories or evidence that could have been presented in conjunction with the previously filed motion or response, unless a reason is given for failing to raise the issue at an earlier stage in the litigation." <u>Adler v. Wallace Computer Servs., Inc.</u>, 202 F.R.D. 666, 675 (N.D. Ga. 2001). Finally, "[a] motion for reconsideration is not an opportunity for the moving party . . . to instruct the court on how the court 'could have done it better' the first time." <u>Pres. Endangered Areas of Cobb's History, Inc. v. U.S. Army Corps of Eng'rs</u>, 916

6

AO 72A
(Rev.8/82)

F. Supp. 1557, 1560 (N.D. Ga. 1995), aff'd, 87 F.3d 1242 (11th Cir. 1996).

Under Federal Rule of Civil Procedure ("Rule") 60, the Court may relieve a party from a final judgment or order on certain grounds, including:

> (a) The court may correct a clerical mistake or a mistake arising from oversight or omission whenever one is found in a judgment, order, or other part of the record....
>
> (b)(1) mistake, inadvertence, surprise, or excusable neglect;
>
> (b)(2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
>
> .... or
>
> (b)(6) any other reason that justifies relief.

Fed. R. Civ. P. 60.  Plaintiff contends that relief is warranted in this case based on Rule 60(a), 60(b)(1), (b)(2), (b)(6) and Local Rule 7.2(E).  [58 at 1-2].

## II.    Analysis

### A.    Calculation of the Limitations Period

Plaintiff does not dispute the following findings: (1) Plaintiff's WFDL claim is subject to a one-year statute of limitations; (2) the limitations period began running on September 29, 2006 when Plaintiff received notice of termination of the parties' contract; (3) the SCRA applies and tolls the running

7

of the statute of limitations during the time Plaintiff served active duty with the

U.S. Coast Guard;  (4) "Plaintiff is entitled to 182 days of tolling" under SCRA.

[58-1 at 6-7].  Plaintiff argues, however, that this Court erred in finding that his

WFDL claim was untimely because the Court credited Plaintiff with 182 days

of tolling from the day after Plaintiff returned from active duty with the Coast

Guard (September 24, 2007) and tolling ceased. [58-1 at 8].  Plaintiff argues

that this Court should have credited Plaintiff with 182 days of tolling from

September 29, 2007, when his statute of limitations would have expired if the

SCRA did not apply. [58-1 at 12].

Defendant argues first, that Plaintiff has not met his burden to show that

the Court committed a "clerical mistake" or "clear error." [60 at 6].  The Court

agrees.  Plaintiff does not cite any cases involving the SCRA or WFDL to show

that his 182 days of tolling should be credited from the date of September 29,

2007.  But see United States v. Battle, 272 F. Supp. 2d 1354, 1357 (N.D. Ga.

2003) (in motion to reconsider, movant "must demonstrate why the court

should reconsider its decision and set forth facts or law of a strongly convincing

nature to induce the court to reverse its prior decision") (citation omitted).  The

cases Plaintiff does cite involve other statutes and tolling periods. [58-1 at 8].

8

As Defendant argues, the Wisconsin District Court used the same methodology in calculating the statute of limitations and the SCRA tolling period for Plaintiff's WFDL claim.  It is not clear error of this Court to apply a Wisconsin Court's methodology on a Wisconsin statute of limitations, arising out of Wisconsin law, particularly when Plaintiff did not provide any authority to the contrary after five opportunities to make his best argument.[2]  Battle, 272 F. Supp. 2d at 1357-58 (for purposes of a motion for reconsideration, "[a]n error is not clear and obvious if the legal issues are at least arguable") (citing Am. Home Assurance Co. v. Glenn Estess & Assocs., 763 F.2d 1237, 1239 (11th Cir. 1985)).  See also Cox Communs., Inc. v. Nat'l Union Fire Ins. Co., No. 1:09-cv-410-TWT, 2010 U.S. Dist. LEXIS 130072, *6-7 (N.D. Ga. Dec. 7, 2010) ("a motion to reconsider should be denied where the error committed is

_____

[2] The Court notes that the WFDL statute of limitations issue has been briefed no less than six separate times by the parties, so Plaintiff had every opportunity to make his best argument for purposes of summary judgment.  Prior briefings include: (1) Motion to Dismiss (E.D. Wis.); (2) Motion for Reconsideration (E.D. Wisc.); (3) Motion to Dismiss (N.D. Ga); (4) Motion to Dismiss Amended Complaint (N.D. Ga.); and (5) Motion for Summary Judgment (N.D. Ga.). Yet Plaintiff failed to provide any legal authority in his Response to Defendant's Motion for Summary Judgment to support his allegation that his 182 days of tolling should be credited from September 29, 2007.

9

not the sort of clear and obvious error which the interests of justice demand that the court correct").

Defendant also argues that Plaintiff's arguments are not appropriate grounds for a motion for reconsideration because they are "repackaged" arguments, intended to instruct the court how it could have done it better the first time. [60 at 8-9]. The Court agrees. Here, Plaintiff argues the same facts previously before this Court and only adds case law citations that could have been raised in his response to Defendant's motion for summary judgment.

Plaintiff's argument is a classic example of a motion for reconsideration precluded by Local Rule 7.2(E). See Bryan v. Murphy, 246 F. Supp. 2d 1256, 1258-59 (N.D. Ga. 2003) (discussing L.R. 7.2(E) and stating that a motion for reconsideration may not be used "to repackage familiar arguments to test whether the court will change its mind"); Adler v. Wallace Computer Servs., Inc., 202 F.R.D. 666, 675 (N.D. Ga. 2001) (motions for reconsideration are not appropriate "to offer new legal theories or evidence that could have been presented in conjunction with the previously filed motion or response, unless a reason is given for failing to raise the issue at an earlier stage in the litigation"). Because Plaintiff has failed to meet his burden under Rule 60 and failed to show

his motion was "absolutely necessary" under L.R. 7.2(E), Plaintiff's Motion to Reconsider is denied.

### B.  Rule 60(b)(2)

Plaintiff urges this Court to consider newly discovered evidence pursuant to Rule 60(b)(2) and credit him with an additional 7 days of tolling under the SCRA to render his WFDL claim timely. [58-1 at 13-14].  Plaintiff submits that he successfully corrected his records with the U.S. Coast Guard to reflect active service from March 28, 2007 to September 30, 2007 – seven (7) days longer than the evidence submitted for purposes of summary judgment.  Id.  Defendant argues that Plaintiff has not met his burden under Rule 60(b)(2) to show that the evidence he relies on was not available earlier or that Plaintiff used reasonable diligence in its discovery.  [60 at 9].  The Court agrees that Plaintiff has not shown that he exercised reasonable diligence in discovering the new evidence.

Rule 60(b)(2) permits this Court to grant a party relief from a final judgment on the grounds of "newly discovered evidence that, with reasonable diligence, could not have been discovered" previously.  Fed. R. Civ. P. 60(b)(2).  Plaintiff has known since 2009 that he would have to argue tolling under the SCRA and show the dates of his active duty with the Coast Guard to

11

avoid dismissal.  See Knox v. Cook County Sheriff's Police Dep't, 866 F.2d 905, 907 (7th Cir. 1988) ("While the statute of limitations is an affirmative defense, the burden of establishing an exception thereto is on plaintiff").  Still, he waited until October 12, 2012 to submit an Application for Correction of Military Record to the U.S. Coast Guard.  Although the Board granted Plaintiff's request to correct the record, the Board itself found that Plaintiff had not acted diligently in correcting his record.  The Board explained:

> [t]he applicant alleged that he did not discover the error in his record–the lack of a DD 214–until 2011, but his military record contains other DD 214s he received at the end of past periods of active duty as a reservist.  Therefore, he was familiar with DD 214s; should have requested one in 2007 when his ADSW orders ended; and should have applied to this Board for one within three years of September 30, 2007.

[63-5 at 2].  There is no clear evidence of Plaintiff's diligence beyond his conclusory statements and self-serving affidavit.  With six different briefings on the issue of statute of limitations, Plaintiff urged different calculations and contradicting sworn testimony regarding his active service in the Coast Guard, but he failed to use reasonable diligence in locating the evidence needed to meet

12

his burden.[3]  The Court appreciates Plaintiff's service with the U.S. Coast Guard, but he has not shown that he is entitled to reconsideration under Rule 60(b)(2).

## Conclusion

Based on the foregoing, Plaintiff's Motion for Reconsideration [58] is **DENIED.**  Plaintiff's Motion for Leave to File Supplemental Affidavit is **DENIED as Moot** [63].

**SO ORDERED**, this  5th  day of March, 2014.


_____
RICHARD W. STORY
UNITED STATES DISTRICT JUDGE

---

[3] As early as January 2010, Defendant voiced its frustration: "Plaintiff has had every opportunity to get its story straight; however, Plaintiff's unsupported and contradictory allegations about tolling for Coast Guard service continue to be a moving target." [14-1 at 13].

AO 72A
(Rev.8/82)