IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| CLIFF DETEMPLE D/B/A TURNING POINT SYSTEMS GROUP, | : : : : | |
| Plaintiff, | : : | CIVIL ACTION NO. 1:09-CV-03272-RWS |
| v. | : : | |
| LEICA GEOSYSTEMS INC., | : : | |
| Defendant. | : : | |

## **ORDER**

This case comes before the Court on Defendant Leica Geosystems Inc.'s Renewed Motion for Summary Judgment [74]. After considering the record, the Court enters the following Order.

## **Background**

The facts of this case are set forth in the Court's Order of February 27, 2013 [56] and need not be fully recounted here. Defendant Leica Geosystems Inc. ("Leica") produces products and systems for surveying and geographical measurement. In April 2003, Plaintiff Cliff DeTemple ("DeTemple") d/b/a Turning Point Systems Group ("TPSG") and Defendant entered into a

Distribution Agreement ("Survey Contract") under which Plaintiff became a distributor of Defendant's survey products. Plaintiff missed his performance target under the Survey Contract, and on July 14, 2006, Defendant advised Plaintiff that he would need to meet performance targets to avoid termination. Plaintiff did not meet his performance targets, so on September 29, 2006, Defendant notified Plaintiff that it was terminating the Survey Contract. For the purposes of this Order, it is sufficient for the Court to outline the procedural history of the case following its entry of the Order granting Defendant's Motion for Summary Judgment [36].

This Order concerns only Plaintiff's claim brought under the Wisconsin Fair Dealership Law ("WFDL"). Wis. Stat. §§ 135.01-135.06. This Court granted summary judgment on that claim to Defendant on grounds that Plaintiff's WFDL claim was time barred. (Feb. 27, 2013 Order, Dkt. [56].) The Court found that the statute of limitations period under the WFDL was tolled under the Servicemembers Civil Relief Act ("SCRA"), 50 U.S.C. app. §§ 501-597b, and determined that Plaintiff was entitled to 182 days of tolling under the SCRA for his military service. The Court calculated the limitations period to

2

expire on March 24, 2008 and accordingly held that Plaintiff's claims, first filed on March 28, 2008, were time barred.

Plaintiff moved for reconsideration under Federal Rule of Civil Procedure 60 [58]. The Court denied Plaintiff's motion [66], and Plaintiff appealed to the Eleventh Circuit Court of Appeals.[1] The Court of Appeals reversed the Court's grant of summary judgment in favor of Leica, holding that the tolling period for the statute of limitations "must be counted from the end of the limitation period and that DeTemple's limitation period therefore, with tolling, ended on March 29, 2008, a Saturday, and continued to run until March 31, 2008." DeTemple v. Leica Geosystems, Inc., No. 14-11413, 576 Fed. App'x 889, 893 (11th Cir. Aug. 11, 2014) (citations omitted).

Leica now renews its motion for summary judgment on grounds that it is entitled to judgment as a matter of law on the basis of its alternative argument: that Plaintiff's distribution contract with Leica did not fall within the scope of a

---

[1] Plaintiff did not appeal the portion of this Court's Order granting summary judgment with respect to the breach of contract claims. As such, the Court of Appeals' opinion–and the present Order–concerns only the claim brought under the WFDL.

3

"dealership" under the WFDL.  (Def.'s Renewed Mot. for Summary J., Dkt. [74] at 2.)

## Discussion

**I.      Legal Standard - Summary Judgment**

Federal Rule of Civil Procedure 56 requires that summary judgment be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  "The moving party bears 'the initial responsibility of informing the . . . court of the basis for its motion, and identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact.'" Hickson Corp. v. N. Crossarm Co., 357 F.3d 1256, 1259 (11th Cir. 2004) (quoting Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986)).  Where the moving party makes such a showing, the burden shifts to the non-movant, who must go beyond the pleadings and present affirmative evidence to show that a genuine issue of material fact does exist.  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 257 (1986).

The applicable substantive law identifies which facts are material. Id. at 248. A fact is not material if a dispute over that fact will not affect the outcome of the suit under the governing law. Id. An issue is genuine when the evidence is such that a reasonable jury could return a verdict for the non-moving party. Id. at 249-50.

Finally, in resolving a motion for summary judgment, the court must view all evidence and draw all reasonable inferences in the light most favorable to the non-moving party. Patton v. Triad Guar. Ins. Corp., 277 F.3d 1294, 1296 (11th Cir. 2002). But, the court is bound only to draw those inferences that are reasonable. "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no genuine issue for trial." Allen v. Tyson Foods, Inc., 121 F.3d 642, 646 (11th Cir. 1997) (quoting Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986)). "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." Anderson, 477 U.S. at 249-50 (internal citations omitted); see also Matsushita, 475 U.S. at 586 (once the moving party has met its burden under Rule 56(a), the nonmoving party "must do more than simply show there is some metaphysical doubt as to the material facts").

5

**II.     Defendant's Renewed Motion for Summary Judgment [74]**

In its Renewed Motion for Summary Judgment, Defendant argues that it is entitled to judgment as a matter of law on Plaintiff's claim under the WFDL because Plaintiff was not a dealer within the meaning of the WFDL. At bottom, Leica asserts that Plaintiff cannot establish that he shared a "community of interest" with Defendant. Plaintiff responded in opposition to Defendant's motion, arguing that TPSG shared a "community of interest" with Leica, or in the alternative, that genuine issues of material fact remain. The Court, using the legal framework set forth above, now considers each party's arguments.

Defendant's Renewed Motion for Summary Judgment turns on application of the WFDL. The WFDL provides, in relevant part, that a grantor of a dealership may not refuse to renew a dealership agreement without good cause. Ziegler Co., Inc. v. Rexnord, Inc., 407 N.W.2d 873, 874 (Wis. 1987) (citing Wis. Stat. § 135.03). Accordingly, the central issue before the Court is whether the relationship between TPSG and Leica was a "dealership" as defined in Wis. Stat. § 135.02(3)(a). That statute provides:

> (3) "Dealership" means any of the following:
>     (a) A contract or agreement, either expressed or implied, whether oral or written, between 2 or more persons, by which a person is

6

>granted the right to sell or distribute goods or services, or use a trade name, trademark, service mark, logotype, advertising or other commercial symbol, in which there is a community of interest in the business of offering, selling or distributing goods or services at wholesale, retail, by lease, agreement or otherwise.

(Id.)  All three elements of Wis. Stat. § 135.02(3)(a) must be satisfied in order for a dealership to exist.  Kania v. Airborne Freight Corp., 99 Wis. 2d 746, 763, 300 N.W.2d 63, 70 (1981).  Courts interpreting this provision, as well as the parties in the instant pleadings, focus on the "community of interest."  See, e.g., Ziegler, 407 N.W.2d at 877 ("Much of the difficulty in interpreting the statutory definition of dealership has stemmed, as it does in this case, from the troublesome third element, community of interest, probably the element which most distinguishes dealerships from other forms of business agreements.").

This Court looks to the decisions of Wisconsin state courts for aid in interpreting the WFDL.  Silverstein v. Gwinnett Hosp. Auth., 861 F.2d 1560, 1569 (11th Cir. 1988) ("It is well settled that federal courts are bound by the interpretation of a state statute by state courts.").  While the parties also advance arguments based on the legal standard formulated by the Seventh Circuit and lower federal courts, Wisconsin state courts have rejected the strict "over a barrel" analysis.  Kelley Supply, Inc. v. Chr. Hansen, Inc., 2012 WI App 40, ¶¶

7

14-15, 340 Wis. 2d 497, 812 N.W.2d 539 (citing Water Quality Store, LLC v. Dynasty Spas, Inc., 2010 WI App. 112, ¶ 21 and n. 4, 328 Wis.2d 717, 789 N.W.2d 595)).  Rather, Wisconsin courts ask whether there is "an interest in a business relationship great enough to threaten the financial health of the dealer, if the grantor were to decide to exercise its power to terminate."  Central Corp. v. Research Products Corp., 272 Wis.2d 561, 581, 681 N.W.2d 178 (2004) (citing Ziegler, 407 N.W.2d at 878).  Further, the applicable case law interpreting § 135.02(3)(a) has developed two "guideposts" for community of interest: "continuing financial interest" and "interdependence," or the degree to which grantor and grantee cooperate, coordinate, and share common goals.  Ziegler, 407 N.W.2d at 879.  Finally, the WFDL "shall be liberally construed to promote its underlying remedial purposes and policies."  Wis. Stat. § 135.025(1).

The Wisconsin Supreme Court in Ziegler set forth a number of factors for courts to consider in light of the two guideposts for determining community of interest.  See Ziegler, 407 N.W.2d 873.  That non-exclusive list includes:

(1) how long the parties have dealt with each other;
(2) the extent and nature of the obligations imposed on the parties in the contract or agreement between them;

8

  (3) what percentage of time or revenue the alleged dealer devotes to the alleged grantor's products or services;
  (4) what percentage of the gross proceeds or profits of the alleged dealer derives from the alleged grantor's products or services;
  (5) the extent and nature of the alleged grantor's grant of territory to the alleged dealer;
  (6) the extent and nature of the alleged dealer's uses of the alleged grantor's proprietary marks (such as trademarks or logos);
  (7) the extent and nature of the alleged dealer's financial investment in inventory, facilities, and good will of the alleged dealership;
  (8) the personnel which the alleged dealer devotes to the alleged dealership;
  (9) how much the alleged dealer spends on advertising or promotional expenditures for the alleged grantor's products or services;
  (10) the extent and nature of any supplementary services provided by the alleged dealer to consumers of the alleged grantor's products or services.

Id. at 879-80 (numeration added). Because this list is not exhaustive, the Court must consider "all facets of a business relationship." Central Corp., 272 Wis.2d at 581 (citation omitted).

  Given the Ziegler factors, the facts set forth in the record, and the directive to construe the WFDL broadly, the Court cannot determine the dealership issue on summary judgment. At its core, the dealership inquiry asks whether Leica terminating the business relationship would have a significant economic impact on TPSG. See Kelley Supply, 2012 WI App 40 at ¶ 32 (citing Ziegler, 139 Wis.2d at 605-06). To this end, several facets of the relationship

9

between TPSG and Leica–including the percentage of revenue derived from Leica Survey products, Plaintiff's need to hire new personnel, Plaintiff's purchase of a building to house a dedicated showroom, cooperation in setting sales targets, and Plaintiff's advertising expenses–create issues of fact that should go to a jury. The Court, on the present record, cannot determine that no reasonable jury could conclude that TPSG was a Leica "dealership" under the WFDL. As such, Defendant's Renewed Motion for Summary Judgment is **DENIED**.

## Conclusion

For the foregoing reasons, Defendant's Renewed Motion for Summary Judgment is **DENIED**. The parties are **DIRECTED** to file a proposed consolidated pretrial order within thirty (30) days of the date of entry of this Order.

**SO ORDERED**, this   9th   day of February, 2015.

_____
RICHARD W. STORY
UNITED STATES DISTRICT JUDGE