## THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

CLIFF DETEMPLE D/B/A TURNING )
POINT SYSTEMS GROUP, )
                           )
          Plaintiff, )
                           )     CIVIL ACTION FILE
v. )
                           )     NO. 1-09-CV-03272-RWS
LEICA GEOSYSTEMS INC., )
                           )
          Defendant. )
                           )

## PLAINTIFF'S MOTIONS IN LIMINE

### INTRODUCTION

Plaintiff, Cliff DeTemple d/b/a Turning Point Systems Group ("DeTemple")

and Defendant, Leica Geosystems, Inc. ("Leica"), disagree on whether DeTemple

was a dealer under the Wisconsin Fair Dealership Law (the "Dealership Law").

This Court has already decided that whether DeTemple was a dealer should be

determined by a jury.  As set forth herein, if DeTemple is a dealer, then Leica has

violated the Dealership Law because it failed to provide DeTemple the type of

notice of termination required by the Dealership Law.  This Court should preclude

1347957_1

1

Leica from presenting any evidence of good cause as a result of its violation of the Dealership Law.

## ARGUMENT

The Federal Rules of Evidence provide that evidence is relevant as long as it has probative value, unless precluded by the United States Constitution, another federal statute, another rule of evidence, or other rules set forth by the United States Supreme Court. Fed. R. Evid. 401, 402. However, "[i]rrelevant evidence is not admissible." Fed. R. Evid. 402. Meanwhile, Rule 403 provides a limitation on relevant evidence.

> Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence.

Fed. R. Evid. 403 (quoted by Alimenta (U.S.A.), Inc. v. Stauffer, 598 F. Supp. 934, 941 (N.D. Ga. 1984)).

### 1.   This Court Should Preclude Any Evidence That Leica's Termination Was With Good Cause.

The Dealership Law's requirements are clear:

> A grantor shall provide a dealer at least 90-days' prior written notice of termination, cancellation, non-renewal, or substantial change in competitive circumstances. The notice shall state all the reasons for termination,

1347957_1

2

> cancellation, non-renewal, or substantial change in competitive circumstances, and <u>shall provide that the dealer has 60 days in which to rectify any claimed deficiency</u>.

Wis. Stat. § 135.04 (emphasis added).

Courts have recognized "that the statutory notice requirement [under the dealership law] must be strictly complied with and that the failure of a grantor to give the proper notice under the statute, in and of itself, constitutes a violation of the statute." <u>Designs in Medicine, Inc. v. Xomed, Inc.</u>, 522 F. Supp. 1054, 1057 (E.D.Wis. 1981) (citing <u>Esch v. Yazoo Manufacturing Co., Inc.</u>, No. 79-C-895 (E.D.Wis., April 30, 1980); <u>Al Bishop Agency, Inc. v. Lithonia-Division of Nat. Service Industries, Inc.</u>, 474 F. Supp. 828 (E.D. Wis. 1979); <u>Tucker Company, Inc. v. Energy Absorption Systems, Inc.</u>, No. 77-C-776 (E.D. Wis. December 12, 1977); <u>see also</u> <u>Esch v. Yazoo Manufacturing Co., Inc.</u>, 510 F. Supp. 53, 54 ("The court found that [Yazoo] had violated the provisions of the Wisconsin Fair Dealership Law, Wis. Stat. 135, when it terminated their distributorship of Yazoo Lawn Products without proper notice.").

In <u>Al Bishop Agency, Inc. v. Lithonia-Division of Nat. Service Industries, Inc.</u>, 474 F. Supp. 828, 834 (E.D. Wis. 1979), the court held the grantor's termination letter was "clearly adequate" because it provided plaintiff "90-days'

1347957_1

3

notice of the termination, and plaintiff was granted the requisite 60 days in which to cure certain deficiencies."

On September 29, 2006, Leica sent DeTemple a letter to terminate DeTemple's Dealer Agreement with Leica to sell Leica Survey Products. Leica's September 29, 2006 letter only partially complies with the Dealership Law. The September 29, 2006 letter provides DeTemple 90-days' prior written notice of termination. Ex. A. to Affidavit of Benjamin A. Menzel, dated May 8, 2015 ("Menzel Aff.") ("This letter will constitute notice that Leica is terminating its agreement and ceasing to do business with Turning Point effective ninety (90) days from the date of this letter."). Arguably, the September 29, 2006 letter also provides notice of the claimed deficiency. Id. ("Turning Point Systems Group has failed to meet the performance survey sales target for the last three (3) quarters.") However, nowhere within the September 29, 2006 letter does Leica provide DeTemple 60 days to cure the alleged deficiency. Id.

Under the Dealership Law, the notice must explicitly state that the dealer has 60 days to rectify any claimed deficiency, and Leica violated the Dealership Law by not providing the requisite notice. Therefore, it does not matter whether Leica's termination was with or without good cause. Water Quality Store, LLC v. Dynasty Spas, Inc., 789 N.W.2d 595, 600 (Wis. Ct. App. 2010) ("Because there is no

1347957_1

dispute in this case that Dynasty did not [give the requisite notice], if there is a dealership under the WFDL, then Dynasty violated the statute"); <u>Wisconsin Compressed Air Corp. v. Gardner Denver, Inc.</u>, 511 F. Supp. 2d 992, 1003-04 (W.D. Wis. 2008) (violation of notice requirement entitled plaintiff to damages); <u>1-800-Radiator of Wisconsin, LLC v. 1-800-Radiator Franchise, Inc.</u>, 2010 WL 325332, at *4 (E.D. Wis. Jan. 21, 2010) (unpublished) ("the Arbitrator found that RFI had violated the WFDL by failing to provide ROW the 90-day notice of termination and the 60-day right to cure the claimed deficiency. <u>That alone entitled ROW to relief</u>." (emphasis added)).

If DeTemple was a dealer under the Dealership Law, Leica violated the Dealership Law by not providing adequate notice. Leica's violation would entitle DeTemple to relief. Any evidence proffered by Leica that its termination was for good cause would be irrelevant. Therefore, any evidence that Leica terminated the Dealer Agreement is inadmissible. Fed. R. Evid. 402; <u>Martin v. City of Atlanta</u>, 2013 WL 4052656, at *1 (N.D. Ga. Aug. 12, 2013) ("Only relevant evidence is admissible at trial").

Even if it were relevant, the probative value of any evidence of good cause would be substantially outweighed by the danger of unfair prejudice to DeTemple. "Evidence is unfairly prejudicial when it has an undue tendency to suggest a

1347957_1

decision on an improper basis." Plantation Pipeline Co. v. Continental Cas. Co.,
2008 WL 4737163, at *2 (N.D. Ga. July 31, 2008) (quoting Old Chief v. United
States, 519 U.S. 172, 193 (1997) (citation omitted)). If DeTemple was a dealer,
then Leica violated the Dealership Law as a result of its failure to provide notice of
termination that meets the Dealership Law's requirements. Any evidence that
Leica's termination was with good cause would be unfairly prejudicial to
DeTemple because it would "suggest a decision on an improper basis." Id.

Furthermore, the only issues in this case are whether DeTemple was a
dealer, and if so, what damages he is entitled to. Any evidence of good cause
would mislead the jury and confuse the issues at trial.

Finally, any evidence of good cause would result in undue delay and be a
waste of time. Again, if DeTemple was a dealer, then Leica violated the
Dealership Law by not providing DeTemple the type of notice the Dealership Law
requires. Because of Leica's violation, DeTemple is entitled to damages. The only
evidence necessary in this case is evidence which shows that DeTemple was a
dealer, and his damages. Nothing more. If Leica were to present evidence of its
alleged good cause, DeTemple would present evidence that Leica's termination
was not with good cause. This evidence would result in trial being extended by at
least a day. Because Leica would already have violated the Dealership Law, any

1347957_1

evidence for or against good cause would be a waste of time and cause undue delay. This Court should preclude Leica from presenting any evidence of good cause.

**2.      This Court Should Preclude Any Evidence That Leica's July 14, 2006 Letter Was Its Notice Of Termination Under The Dealership Law.**

Prior to its September 29, 2006 letter, Leica sent DeTemple a letter regarding the Dealer Agreement's requirements. Leica should be precluded from using this prior letter, dated July 14, 2006, as a basis for compliance with the Dealership Law because, just like Leica's September 29, 2006 letter, the July 14, 2006 letter does not meet the Dealership Law's requirements. While the July 14, 2006 letter claims DeTemple's "level of performance is unacceptable and constitutes grounds for termination under the existing Dealer Agreement[,]" nowhere in the July 14, 2006 letter does Leica state that it is terminating its Dealer Agreement with DeTemple. Menzel Aff., Ex. B. Furthermore, while the July 14, 2006 letter identifies DeTemple's overall dealer sales compared to targets as potential grounds for termination, the letter does not state that DeTemple has 60 days to cure this or any other claimed deficiency. Id., Ex. B.

Any probative value of evidence that Leica's July 14, 2006 letter was sent to comply with the Dealership Law's notice of termination requirements would be

1347957_1

substantially outweighed by unfair prejudice to DeTemple, would mislead the jury, and would confuse the issues.  Such evidence would "shift the focus of the jury away from determining" whether DeTemple was a dealer under the Dealership Law. U.S. v. Loaiza-Clavijo, 2012 WL 529981, at *6 (N.D. Ga. Jan. 25, 2012). This Court should preclude Leica from submitting evidence that the July 14, 2006 letter was sent to DeTemple to comply with the notice requirements set forth by the Dealership Law.

## CONCLUSION

For the foregoing reasons, DeTemple's motion in limine should be granted.

THE SCHROEDER GROUP, S.C.,
ATTORNEYS AT LAW

_/s/ Benjamin A. Menzel_
Paul R. Hoefle, Esq.
Benjamin A. Menzel, Esq.
20800 Swenson Drive, Suite 475
Waukesha, WI 53186
(262) 754-1347
(262) 798-8232  (facsimile)
bam@tsglaw.com

BOVIS, KYLE, BURCH & MEDLIN, LLC

_/s/ W. Randal Bryant_
John V. Burch, Esq.
W. Randal Bryant, Esq.
200 Ashford Center North, Suite 500
Atlanta, GA 30338

1347957_1

(678) 338-3903
(770) 668-0878 (facsimile)
jvb@boviskyle.com
rbryant@boviskyle.com

*Attorneys for Plaintiff*

## CERTIFICATE OF COMPLIANCE

I hereby certify that the foregoing motion has been prepared in Times New

Roman 14 font and is in compliance with Local Rule 5.1.

THE SCHROEDER GROUP, S.C.,
ATTORNEYS AT LAW

___ */s/ Benjamin A. Menzel* ___
Paul R. Hoefle, Esq.
Benjamin A. Menzel, Esq.
Crossroads Corporate Center
20800 Swenson Drive, Suite 475
Waukesha, WI 53186
(262) 754-1347
(262) 798-8232  (facsimile)
bam@tsglaw.com

*Attorneys for Plaintiff*

1347957_1

# **CERTIFICATE OF SERVICE**

I hereby certify that on May 8, 2015, I electronically filed the foregoing

document with the Clerk of Court using the CM/ECF systems which will

automatically send email notification of such filing to the all attorneys of record.

DATED:  May 8, 2015             /s/ Benjamin A. Menzel
                                Benjamin A. Menzel
                                Counsel for Plaintiff