**THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | | |
|---|---|---|
| CLIFF DETEMPLE D/B/A TURNING POINT SYSTEMS GROUP, | ) ) ) | |
| Plaintiff, | ) ) | |
| | ) | CIVIL ACTION FILE |
| v. | ) ) | NO. 1-09-CV-03272-RTS |
| LEICA GEOSYSTEMS INC., | ) ) | |
| Defendant. | ) ) | |
| _____ | ) | |

**DEFENDANT LEICA'S OPPOSITION TO
PLAINTIFF DETEMPLE'S MOTION IN LIMINE [DOC. 95]**

John M. Bowler
Georgia Bar No. 071770
john.bowler@troutmansanders.com
Lindsay Mitchell Henner
Georgia Bar No. 272310
lindsay.henner@troutmansanders.com

TROUTMAN SANDERS LLP
600 Peachtree Street, NE, Suite 5200
Atlanta, Georgia 30308-2216
Telephone: (404) 885-3000
Facsimile: (404) 885-3900

ATTORNEYS FOR DEFENDANT LEICA
GEOSYSTEMS INC.

# <u>TABLE OF CONTENTS</u>

<u>**Page**</u>

I.    Plaintiff Is Improperly Using A Motion In Limine As A Substitute For A Now-Untimely Dispositive Summary Judgment Motion...........................3

II.   Whether Leica Had Good Cause To Terminate And Provided Sufficient Notice With Opportunity To Cure Are Relevant Elements Of Proof For Leica's Defense........................................................................8

III.  Whether Leica's Notice Met WFDL Requirements Is A Jury Issue, And Plaintiff's Motion In Limine Is An Improper Request To Obtain An Untimely Summary Judgment On The Notice Issue............................12

      A.    Leica's notice of termination met the requirements of the WFDL............................................................................................13

      B.    Whether Leica's notice of termination was sufficient is a jury issue ......................................................................................18

IV.   Good Cause To Terminate Is Within The Province Of The Jury To Decide And Is Highly Relevant To Leica's Defense And To Other Issues Such As Plaintiff's Damages ...........................................................19

CONCLUSION .......................................................................................24

# TABLE OF AUTHORITIES

**Page(s)**

**C**ASES

*1-800-Radiator of Wis., LLC v. 1-800-Radiator Franchise, Inc.*,
No. 08-C-362, 2010 WL 325332 (E.D. Wis. Jan. 21, 2010) ..............................16

*Al Bishop Agency, Inc. v. Lithonia-Div. of Nat'l Serv. Indus., Inc.*,
474 F. Supp. 828 (E.D. Wis. 1979) ...........................................................passim

*Bell v. Prefix, Inc.*,
No. 05–74311, 2009 WL 3614353 (E.D. Mich. Nov. 2, 2009)...........................7

*Bradley v. Pittsburgh Bd. of Educ.*,
913 F.2d 1064 (3d Cir. 1990) ......................................................................6, 23

*C & E Servs., Inc. v. Ashland Inc.*,
2008 WL 789069 (D.D.C. Mar. 26, 2008) ....................................................6, 23

*Designs in Med. Inc. v. Xomed, . lnc.*,
522 F . Supp. 1054 (E.D.Wis. l98l) ................................................................16

*Fidelity & Deposit Co. v. Tom Murphy Constr. Co.*,
674 F.2d 880 (11th Cir. 1982) ..........................................................................4

*Frieburg Farm Equip., Inc. v. Van Dale, Inc.*,
756 F. Supp. 1191 (W.D. Wis. 1991) ...............................................................18

*Frieburg Farm Equip., Inc. v. Van Dale, Inc.*,
978 F.2d 395 (7th Cir. 1992) ...........................................................................19

*Hana Fin., Inc. v. Hana Bank*,
735 F.3d 1158 (9th Cir. 2013) ...........................................................................5

*Hinkle v. Ford Motor Co.*,
No. 3:11–24–DCR, 2012 WL 5868899 (E.D. Ky. Nov. 20, 2012).....................7

*Johnson v. Inland Steel Co.*,
140 F.R.D. 367 (N.D. Ill. 1992).......................................................................23

# TABLE OF AUTHORITIES
### (continued)

**Page**

*Louzon v. Ford Motor Co.*,
   718 F.3d 556 (6th Cir. 2013) ....................................................................5, 9, 12

*Luce v. United States*,
   469 U.S. 38 (1984)................................................................................................4

*Martino v. McDonald's Corp.*,
   101 Wis. 2d 612 (1981) .....................................................................................14

*Meyer Intellectual Props. Ltd. v. Bodum, Inc.*,
   690 F.3d 1354 (Fed. Cir. 2012) ..........................................................................6

*Moodie v. School Book Fairs, Inc.*,
   889 F.2d 739 (7th Cir. 1989) ......................................................................21, 22

*Morley-Murphy Co. v. Zenith Elecs. Corp.*,
   142 F.3d 373 (7th Cir. 1998) ............................................................................19

*Natural Resources Defense Council v. Rodgers*,
   2005 WL 1388671 (E.D. Cal. June 9, 2005) ......................................................5

*Ohio Oil Gathering Corp. III v. Welding, Inc.*,
   No. 2:09–cv–782, 2010 WL 5135999 (S.D. Ohio Dec. 9, 2010).........................7

*Power Integrations, Inc. v. Fairchild Semiconductor Int'l, Inc.*,
   2006 WL 2724879 (D. Del. Sep. 20, 2006).........................................................7

*Provident Life & Accident Ins. Co v. Adie*,
   176 F.R.D. 246 (E.D. Mich. 1997) ...............................................................8, 23

*Water Quality Store. LLC v. Dynasty Spas. Inc.*,
   789 N.W.2d 595 (Wis. Ct. App. 2010)...............................................................16

*Williams v. Johnson*,
   747 F. Supp. 2d 10 (D.D.C. 2010).......................................................................7

*Wis. Compressed Air Corp. v. Gardner Denver. Inc.*,
   571 F. Supp. 2d 992 (W.D. Wis. 2008) .............................................................16

# TABLE OF AUTHORITIES
### (continued)

**Page**

*Witness Sys. v. Nice Sys.*,
    Civ. Action No. 1:06-cv-126-TCB, 2008 U.S. Dist. LEXIS 38061 (N.D.
    Ga. May 10, 2008) ........................................................................................5, 13

*Ziegler Co. v. Rexnord, Inc.*,
    147 Wis. 2d 308 (1988) .............................................................................18, 20

## STATUTES AND OTHER CITES

75 Am. Jur.2d Trial § 99 (2004) ................................................................................5

Fed. R. Civ. P. 56(a) ................................................................................................12

Fed. R. Evid. 401, 402, and 403 ...........................................................................9, 12

Wis. Stat. § 135 ...............................................................................................passim

## **INTRODUCTION**

Plaintiff Cliff DeTemple d/b/a Turning Point Systems Group's ("Plaintiff")

motion *in limine* [Doc. 95] seeks, as a dispositive matter, to preclude Leica

Geosystems Inc. ("Leica") from putting on evidence and arguing to the jury (1)

that Leica terminated him as a distributor of survey products with proper notice,

and (2) that good cause existed to terminate him.  Although styled as a "motion *in*

*limine*" and couched in terms of the notice and good cause evidence being

"irrelevant," or if relevant then "prejudicial," under Federal Rules of Evidence 401,

402, and 403, Plaintiff's motion is not an *evidentiary* motion.  Instead, it essentially

operates as a late-filed summary judgment motion designed to deprive Leica of its

defense to Plaintiff's claim alleging wrongful termination under the Wisconsin Fair

Dealership Law ("WFDL") outside of the construct of Fed. R. Civ. P. 56.

Plaintiff's motion centers on these two issues that, if genuine, could and should

have been placed before the Court years ago in a summary judgment motion

instead of on the eve of trial.

Regarding Leica's "notice" and "good cause" for termination, Plaintiff has

been in possession of the relevant facts and law since at least late 2006 when he

was terminated, but raised no issue with the Court until now.  Had Plaintiff truly

believed that, as a matter of law, Leica could not assert proper notice and good

cause for his termination, he had ample opportunity to seek this relief in summary judgment.  Plaintiff did nothing.  The time for asserting dispositive motions has long passed.[1]  Permitting Plaintiff to raise a new and effectively dispositive motion and to force the Court to undertake a summary judgment analysis on the issues of proper notice and good cause for termination at this late date is improper and prejudicial.  The Court should therefore deny Plaintiff's motion on this procedural ground.

Plaintiff's motion *in limine*, however, is not only procedurally defective, but it also lacks substantive merit.  Plaintiff's motion has all but conceded that the evidence at issue in his motion ***is relevant*** under Fed. R. Evid. 401.  He presents his motion instead largely under the auspices of Fed. R. Evid. 403, which limits the admission of relevant but prejudicial evidence, stating "[s]uch evidence would 'shift the focus of the jury away from determining' whether DeTemple was a dealer under the Dealership Law." Doc. 95 at 8.  Plaintiff, no doubt, would prefer that highly relevant evidence of sufficient notice and good cause for termination be excluded so that it does not distract from jury deliberations on his own claim

---

[1]  Under Local Rule 56.1, summary judgment motions must be filed "not later than thirty (30) days after the close of discovery."  N.D. Ga. R. 56.1. Discovery in this cased ended on April 27, 2012.  Doc. 24.

alleging a violation of the WFDL.  That does not make such evidence prejudicial within the scope of Fed. R. Evid. 403, however.

Consideration of Leica's relevant evidence by the jury would not permit a decision on an improper basis, as Plaintiff wrongly asserts.  Rather, it would facilitate a decision on all of the bases contemplated by the WFDL.  For these and other reasons set forth herein, the Court should deny Plaintiff's motion *in toto*.

## ARGUMENT AND CITATION OF AUTHORITIES

**I.     Plaintiff Is Improperly Using A Motion *In Limine* As A Substitute For A Now-Untimely Dispositive Summary Judgment Motion.**

Plaintiff asks this Court as a dispositive matter to preclude Leica from asserting that it provided proper notice of his termination as a distributor of survey products and that it had good cause to terminate him for failing to meet Performance Survey Sales Targets.  Indeed, the true nature of Plaintiff's motion *in limine* as a dispositive motion is evident from the first page of his motion, where Plaintiff argues and asks this Court to find that, as a matter of law, Leica has violated the WFDL:

> As set forth herein, if DeTemple is a dealer, then Leica has violated the Dealership Law because it failed to provide DeTemple the type of notice of termination required by the Dealership Law. This court should preclude Leica from presenting any evidence of good cause as a result of its violation of the Dealership Law.

Doc. 95 at 1-2.  Plaintiff's motion asks this Court to make Leica defend against his WFDL claim with one, if not two, hands tied unfairly and prejudicially behind its back.  If the Court granted Plaintiff's motion *in limine*, it would preclude Leica from addressing the notice and good cause termination issues and other fact-based questions surrounding Leica's termination of Plaintiff—an effective grant of summary judgment to Plaintiff outside the context and time deadlines of Rule 56 and this Court's related Local Rules.  The law is clear that such use of motions *in limine* is improper, and Plaintiff's motion should be denied.

A motion *in limine* is any motion to exclude irrelevant or "anticipated prejudicial evidence before the evidence is actually offered." *Luce v. United States*, 469 U.S. 38, 40 n.2 (1984).  A motion *in limine* is not interchangeable with or a substitute for a motion for summary judgment.  Motions for summary judgment are subject to the very specific rules set out in Fed. R. Civ. P. 56 and Local Rule 56.1.

Plaintiff was required to pursue all potentially dispositive arguments such as the "notice" and "good cause" for termination issues now raised in his motion *in limine* through a summary judgment motion filed pursuant to the requirements and time restrictions of Rule 56 and Local Rule 56.1.D.  *See Fidelity & Deposit Co. v. Tom Murphy Constr. Co.*, 674 F.2d 880, 886 (11th Cir. 1982) (reviewing district court's grant of a motion *in limine* as a summary judgment and reversing and

remanding where court's granting of motion effectively precluded the resolution of factual matters dispositive of the outcome of the litigation); *Hana Fin., Inc. v. Hana Bank*, 735 F.3d 1158, 1162 (9th Cir. 2013) ("As the district court recognized, HFI was, in essence, improperly seeking a dispositive ruling on trademark priority through a motion in limine . . . . A motion in limine is not the proper vehicle for seeking a dispositive ruling on a claim, particularly after the deadline for filing such motions has passed.") (citations omitted); *Louzon v. Ford Motor Co.*, 718 F.3d 556, 560-66  (6th Cir. 2013) (reversing grant of  motion *in limine* that operated as a summary judgment motion and intruded on jury's role as fact-finder, while denying non-movant the procedural protections of summary judgment).  It is procedurally improper for Plaintiff to now package his non-evidentiary legal and factual challenges as a motion *in limine*.  *See Witness Sys. v. Nice Sys.*, Civ. Action No. 1:06-cv-126-TCB, 2008 U.S. Dist. LEXIS 38061, at *3-4 (N.D. Ga. May 10, 2008) (finding that issues of law in the Court's province are properly raised at summary judgment "rather than in a motion in limine on the eve of trial" and denying the motion in limine as untimely).

Motions *in limine* are only meant to "address evidentiary questions and are inappropriate devices for resolving substantive issues." *Natural Resources Defense Council v. Rodgers*, 2005 WL 1388671, at * 1 (E.D. Cal. June 9, 2005) (*citing* 75

Am. Jur.2d Trial § 99 (2004) (explaining that motions *in limine* "are not to be used as a sweeping means of testing issues of law").  Motions *in limine* should *not be used* to resolve factual disputes or weigh evidence. *C & E Servs., Inc. v. Ashland Inc.*, 2008 WL 789069, at *6 (D.D.C. Mar. 26, 2008) (citations omitted).

Allowing Plaintiff to present the substantive issues of notice and good cause for termination in a motion *in limine* that should have been resolved, if at all, at an earlier stage of the case necessarily requires the resolution of legal and fact-based issues.  If the requested relief were granted and the jury were to find a dealership existed under the WFDL, it would preclude Leica's defense against Plaintiff's wrongful termination claim.  Such questions should have been timely raised pursuant to Fed. R. Civ. P. 56, with its accompanying and crucial procedural safeguards. *See Meyer Intellectual Props. Ltd. v. Bodum, Inc.*, 690 F.3d 1354, 1378 (Fed. Cir. 2012) (reversing district court after it had "essentially converted [a] motion *in limine* into a motion for summary judgment" explaining that "[i]n doing so, the court did not allow for full development of the evidence and deprived [the defendant] of an opportunity to present all pertinent material to defend against the dismissal of its inequitable conduct defense."); *Bradley v. Pittsburgh Bd. of Educ.*, 913 F.2d 1064, 1069-70 (3d Cir. 1990) (explaining that "the district court's procedure converted the *in limine* motion into one for summary judgment, but

without the procedural protections of notice which the federal rules require before

judgment on the merits may be granted.") (internal quotation marks omitted);

*Williams v. Johnson*, 747 F. Supp. 2d 10, 14 (D.D.C. 2010) ("In light of their

limited purpose, motions in *limine* should not be used to resolve factual disputes,

which remains the function of a motion for summary judgment, with its

accompanying and crucial procedural safeguards.") (internal quotation marks

omitted); *Power Integrations, Inc. v. Fairchild Semiconductor Int'l, Inc.*, 2006 WL

2724879, at *4 (D. Del. Sep. 20, 2006) ("[T]he Court finds Defendants' motion to

be more akin to a motion for summary judgment than a motion in limine, and the

question of the sufficiency of the evidence . . . can be taken up after the jury's

verdict, if necessary."), *aff'd-in-part, rev'd-in-part, vacated-in-part, and remanded

on other grounds by*, 711 F.3d 1348 (Fed. Cir. 2013). [2]

---

[2] *See also Hinkle v. Ford Motor Co.*, No. 3:11–24–DCR, 2012 WL 5868899, at *8 (E.D. Ky. Nov. 20, 2012) ("[T]he Court will not rule on this substantive issue in a motion *in limine*."); *Bell v. Prefix, Inc.*, No. 05–74311, 2009 WL 3614353, at *1 (E.D. Mich. Nov. 2, 2009) ("Normally, motions *in limine* are not proper procedural devices for the wholesale disposition of theories or defenses."); *Ohio Oil Gathering Corp. III v. Welding, Inc.*, No. 2:09–cv–782, 2010 WL 5135999, at *3 (S.D. Ohio Dec. 9, 2010) ("Defendant's motion is more a motion for judgment on the pleadings or for summary judgment . . . than it is a motion *in limine*. The time for filing such dispositive motions has long closed, however, and Defendant cannot evade this Court's summary judgment deadline simply by captioning its dispositive motion in a creative manner.").

The impropriety of Plaintiff's reliance on a motion *in limine* to raise issues which should have been raised through a summary judgment motion is exacerbated by the fact that Plaintiff is wholly without justification for his delay. *See Provident Life & Accident Ins. Co v. Adie*, 176 F.R.D. 246, 250 (E.D. Mich. 1997) (denying motion *in limine* brought on the "eve of trial" because it should have been brought earlier as a motion for summary judgment). The "facts" relied on in support of Plaintiff's motion (*e.g.*, his missed Performance Survey Sales Targets which support "good cause" for Leica's termination and the sufficiency of Leica's notice of termination) all occurred almost ***nine years ago*** in late 2006 or earlier, long before Plaintiff filed this legal action (initially in the Eastern District of Wisconsin). Additionally, all of the legal precedent under the WFDL relied on by Plaintiff in support of his motion is dated ***2010 or earlier***, well before the 2012 deadline in this case for filing motions for summary judgment. *See, supra*, note 1.

For these reasons, the Court should deny Plaintiff's inappropriate motion *in limine* to preclude Plaintiff's attempts to bar Leica as a matter of law from presenting its defense of good cause termination with proper notice at trial.

## II.     Whether Leica Had Good Cause To Terminate And Provided Sufficient Notice With Opportunity To Cure Are Relevant Elements Of Proof For Leica's Defense.

Plaintiff's motion fails not only for procedural defects, but also because his arguments are without substantive merit.  Although Plaintiff couches his motion in terms of the notice and good cause evidence being "irrelevant" or "prejudicial" under Fed. R. Evid. 401, 402, and 403, [Doc. 95 at 2, 7-8] the veneer of evidentiary argument does not disguise the substance of the dispositive argument.  Indeed, "if these tactics were sufficient, a litigant could raise any matter in limine, as long as he included the duplicative argument that the evidence relating to the matter at issue is irrelevant." *Louzon*, 718 F.3d at 562-63.

As the case law on which Plaintiff's motion relies recognizes, the fundamental issues in a WFDL case are:

> First, the Court must determine whether plaintiff owns a dealership within the meaning of Chapter 135 of the Wisconsin Statutes. Second, if it is found that plaintiff is a dealer, then the Court must determine: (a) whether defendant had good cause to terminate plaintiff; and (b) whether the notice of termination sent by defendant met the requirements of Wis.Stat. § 135.04.

*Al Bishop Agency, Inc. v. Lithonia-Div. of Nat'l Serv. Indus., Inc.*, 474 F. Supp. 828, 830 (E.D. Wis. 1979) (cited at page 3 of Plaintiff's motion, Doc. 95). Regarding the first issue, this Court already has recognized in its summary judgment Order that the threshold issue to be decided by the jury is whether Plaintiff and Leica ever maintained a relationship constituting a "dealership"

within the scope of the WFDL.  Doc. 81 at 6.  This Court determined that the

nature of the relationship between the parties is a question best suited for the jury.

*Id.* at 9-10.

With respect to the second issue, Leica has asserted as affirmative defenses,

*inter alia*, that "Plaintiff failed to meet the Performance Survey Sales Targets

under the survey contract, including, without limitation for the last three (3)

quarters before notice of termination."  *See* Doc. 24 at 10 (Ninth Affirmative

Defense).  Leica has further asserted that "to the extent that Leica is deemed to

have terminated the contracts, it had good cause to terminate, and properly

terminated, its contracts with Plaintiff."  *See id.* at 11 (Tenth Affirmative Defense).

Thus, if the jury finds that a dealership relationship existed, then the jury also must

decide if Leica properly complied with the requirements of the WFDL in carrying

out and ending its distributorship with Plaintiff for survey products.  These

questions fall squarely within the province of the jury to answer, to wit: (1)

whether Leica's termination of Plaintiff for failing to meet the Performance Survey

Sales Targets was with good cause, and (2) whether Leica's July 14, 2006 and

September 29, 2006 letters to Plaintiff provided sufficient notice of termination

under the WFDL.

Nothing could be more relevant than these two issues if the jury finds that a dealership relationship existed.  In order to prove compliance with the WFDL, Leica is *required* under the law to demonstrate that good cause existed to terminate the distributorship for survey products, and that it terminated the relationship with Plaintiff in the proper manner.  From the outset of this case, Leica has identified and is fully prepared to present to the jury, evidence showing ***both*** good cause to terminate Plaintiff and that Leica met the WFDL's notice of termination requirements.  A jury must apply the law pertaining to good cause and notice of termination to the facts of this case and decide if Leica had good cause to terminate Plaintiff and whether it provided proper notice.

Plaintiff improperly asks this Court as a dispositive matter to deny Leica the opportunity to present its case on *either element* of proof to show its full compliance with the WFDL and to effectively grant an untimely summary judgment as a matter of law.  Leica cannot be precluded from presenting highly relevant and necessary evidence to the jury on critical elements of proof.  The Court should therefore deny Plaintiff's motion *in limine* to the extent it is based on *relevancy* grounds.

Furthermore, as Plaintiff acknowledges in his motion, Fed. R. Evid. 402 and 403 pertain to the *admissibility* of evidence—not the sufficiency of evidence for

fulfilling elements of proof.  Doc. 95 at 2, 5.  Resolution of the issues presented in

Plaintiff's motion—whether Leica's evidence is sufficient or insufficient as a

matter of law to support proper notice for termination—simply does not implicate

the type of unfair prejudice, confusing the issues, or misleading the jury

contemplated under Fed. R. Evid. 403.  Rather, it requires a summary judgment

analysis by this Court.  *See* Fed. R. Civ. P. 56(a) (providing that "[t]he court shall

grant summary judgment if the movant shows that there is no genuine dispute as to

any material fact and the movant is entitled to judgment as a matter of law.").

Plaintiff's motion, however, "does not require any rulings relating to the

admissibility of evidence at trial."  *Louzon*, 718 F.3d at 562.  Because the evidence

at issue is highly relevant to proving Leica's defenses and case-in-chief at trial, and

because the application of the law to the facts is a task for the jury, the Court must

deny Plaintiff's motion.

III.    **Whether Leica's Notice Met WFDL Requirements Is A Jury Issue, And Plaintiff's Motion *In Limine* Is An Improper Request To Obtain An Untimely Summary Judgment On The Notice Issue.**

Plaintiff's argument that Leica's notice of intent to terminate and allowing

him an opportunity to cure the deficiency of his missed Performance Survey Sales

Targets did not meet the WFDL's notice requirements is without merit. Doc. 95 at

3-5.  Based on his incorrect assumption that the WFDL's notice requirements were

not met, Plaintiff asks this Court to find as a matter of law that Leica violated the

WFDL by providing insufficient notice and to preclude Leica from asserting that it

had good cause to terminate Plaintiff, as follows:

> If DeTemple was a dealer under the Dealership Law, Leica violated
> the Dealership Law by not providing adequate notice. Leica's
> violation would entitle DeTemple to relief. Any evidence proffered by
> Leica that its termination was for good cause would be irrelevant.
> Therefore, any evidence that Leica terminated the Dealer Agreement
> is inadmissible.

Doc. 95 at 5 (citations omitted).

Plaintiff's motion *in limine* contains factual and legal inaccuracies and is

effectively an untimely motion for summary judgment on the notice and good

cause issues.  As shown above, Plaintiff's request for a dispositive ruling on the

key evidence of notice of termination and good cause should have already been

addressed, if at all, with an earlier Rule 56 motion, and thus his motion *in limine* on

the notice issue should be denied outright. *See, e.g., Witness Sys.*, 2008 U.S. Dist.

LEXIS 38061 at *3-4.

A.    Leica's notice of termination met the requirements of the WFDL.

On summary judgment, this Court held that, on the present record, it could

not determine that no reasonable jury could conclude that Plaintiff was a Leica

"dealership" under the WFDL.  Doc. 81 at 10.  Even if a jury ultimately were to

find that the parties had a "dealership" relationship, Leica has more than sufficient evidence to demonstrate it had "good cause" to terminate and that it met the notice requirements of Wis. Stat. § 135.04.  Where good cause to terminate exists, the WFDL's notice provision requires only that the grantor give the dealer (1) 90 days notice of termination, (2) a list of the deficiencies which constitute the reason for ending the relationship, and (3) 60 days in which to cure the deficiencies.  *See, e.g.*, *Martino v. McDonald's Corp.*, 101 Wis. 2d 612, 614 (1981).  Leica's notice did just that, and as such, Leica's evidence pertaining to the notice elements is relevant and cannot be excluded on *relevance* grounds.  Indeed, Plaintiff essentially acknowledges in his motion *in limine* that Leica complied with the letter of the WFDL's notice requirements.

First, Plaintiff concedes in his motion that on July 14, 2006 and well-prior to termination, Leica provided to him a specific list of deficiencies warranting termination of the business relationship.  Doc. 95 at 7 (citing Menzel Aff. [Doc. 95-1], Ex B).  This communication particularly identified that for two quarters of the 2006 calendar year, Plaintiff's overall sales fell dramatically short, at 30.3% and 30.2% of target, respectively.  Menzel Aff., Ex. B.  Leica further notified Plaintiff that "this level of performance is unacceptable and ***constitutes grounds for termination*** under the existing dealer agreement."  *Id.* (emphasis added).

14

Not only did this communication identify Plaintiff's deficiencies, but it implemented a specific plan for the Third Quarter of 2006 (July-September)—more than 60 days—through which Plaintiff would have an opportunity to cure and maintain his distributorship with Leica for survey products. *See* Doc. 95 at 7; Menzel Aff., Ex. B (identifying "action items" or "steps in which the dealer can re-establish an acceptable level of Leica Survey (High-end GPS/TPS) sales"). This plan included direct assistance from Leica in meeting the required sales targets. *Id.* Additionally, by delineating the Third Quarter of 2006 from July through September as the time period for cure, Leica in fact provided ***over 75 days*** in which Plaintiff could have remedied the identified deficiencies with Leica's assistance.

After the requisite period for cure had passed without resolution, Leica provided Plaintiff with notice of actual termination in its September 29, 2006 termination letter, which states unequivocally that termination is "effective ninety days (90) from the date of this notice." *See* Doc. 95 at 4 (citing Menzel Aff., Ex. A). Thus, Plaintiff was on notice of termination for a total of 168 days – from July 14, 2006 through December 28, 2006, the date on which termination became effective. This is significantly more than the 90 days notice required by the WFDL.

15

In his motion in *limine*, Plaintiff has cited *no* case law detailing factual scenarios where a defendant was found to have violated the WFDL notice provision by providing *more* notice than required.  Plaintiff's case law is inapposite since it pertains to the complete failure to provide either notice or an opportunity to cure.  Doc. 95 at 3-5 (citing *Designs in Med. Inc. v. Xomed. lnc.*, 522 F . Supp. 1054 (E.D.Wis. l98l); *Water Quality Store. LLC v. Dynasty Spas. Inc.*, 789 N.W.2d 595 (Wis. Ct. App. 2010); *Wis. Compressed Air Corp. v. Gardner Denver. Inc.*, 571 F. Supp. 2d 992 (W.D. Wis. 2008); *1-800-Radiator of Wis., LLC v. 1-800-Radiator Franchise, Inc.*, No. 08-C-362, 2010 WL 325332 (E.D. Wis. Jan. 21, 2010) (unpublished)).

Plaintiff relies heavily on the case of *Al Bishop Agency, Inc. v. Lithonia-Division of Nat. Service Industries, Inc.* to support his claim that Leica's notice was allegedly insufficient.  474 F. Supp. 828; Doc. 95 at 3-4.  But the portion of case text that Plaintiff cites merely recites the statutory requirements of 90 days notice of termination and 60 days to cure in Wis. Stat. § 135.04.  Plaintiff's only rationale for why Leica's July 14, 2006 letter purportedly does not meet these two requirements is that it (1) does not say that Plaintiff was actually terminated at the very moment Plaintiff received the letter, and (2) does not use the words "sixty days."  To the extent Plaintiff believes that Leica's communications regarding

termination should have been any more blatantly clear, the *Al Bishop* case

expressly rejected such a strict interpretation of the WFDL's notice requirements:

> [T]he Court would note that the letter perhaps could have been
> worded more clearly.  Such defects in the termination letter, however,
> ***should not of themselves make the notice defective*** under chapter
> 135.  Instead, the Court will examine the grounds for termination and
> ***the notice itself*** to determine whether defendant complied with the
> requirements of chapter 135.

*Id.* at 833 (emphasis added).  Thus, the *actual* notice that Plaintiff received should

be considered when evaluating compliance with the WFDL notice requirements –

not Leica's inconsequential choice of words.  *Id.* Based on Leica's

communications on July 14, 2006 and September 29, 2006, Plaintiff was fully

aware of and in fact does not dispute his failure to meet his performance target; he

was aware of the time period (the Third Quarter of 2006) in which he was expected

to remedy these deficiencies, which exceeded 60 days; and he was terminated well

over 90 days after he was informed there was grounds for termination.  Therefore,

Plaintiff cannot dispute that he received the actual notice contemplated by the

WFDL.  Given the foregoing, Plaintiff has failed to show as a dispositive matter

that Leica violated the WFDL notice requirements, and in fact, the record in this

case is clear that Leica complied with all notice requirements in terminating Plaintiff as a distributor of survey products.[3]

      B.    <u>Whether Leica's notice of termination was sufficient is a jury issue.</u>

Regardless of the merits or lack of merit of Plaintiff's arguments with respect to the WFDL's notice of termination requirements, the sufficiency of Leica's notice is an issue for the jury to decide based on the evidence that will be presented at the upcoming trial.  *See, e.g.*, *Frieburg Farm Equip., Inc. v. Van Dale, Inc.*, 756 F. Supp. 1191, 1192 (W.D. Wis. 1991) ("Based on the trial record, I find nothing to change my view that sufficient evidence exists to support the jury's findings… that Van Dale terminated Frieburg's dealership without good cause or proper notice."); *Ziegler Co. v. Rexnord, Inc.*, 147 Wis. 2d 308, 320-321 (1988) ("A jury is to be the finder of fact where any material facts are disputed or where different inferences may be drawn from the facts.").  The jury will hear the evidence outlined in Section III.A., *supra*, that Leica provided 90 days notice of

---

[3] Leica's July 14, 2006 letter to Plaintiff made abundantly clear that termination was contemplated unless he fulfilled particular requirements, thus providing notice of impending termination with an opportunity to cure.  Had Leica *actually* terminated the relationship at the exact time at which it identified the deficiencies, as Plaintiff now insists is proper, the termination would have been effective 90 days from July 14, 2006 rather than 90 days from September 29, 2006.  Plaintiff has not explained and cannot explain how an even earlier effective date for termination of the relationship would have benefited him, particularly given that he seeks a damages award reflecting his apparent desire to maintain a 15 to 25 year relationship with Leica for survey products.

termination to Plaintiff, listed the deficiencies which constituted the reason for ending the survey products relationship, and gave Plaintiff more than 60 days in which to cure the deficiencies.  Plaintiff's personal opinion that the evidence is not adequate to meet the WFDL's notice requirements and his improper request for a dispositive ruling on the notice issue outside the procedures and protections of Fed. R. Civ. P. 56 are not bases to exclude the evidence on a motion *in limine*.

## IV.   Good Cause To Terminate Is Within The Province Of The Jury To Decide And Is Highly Relevant To Leica's Defense And To Other Issues Such As Plaintiff's Damages.

Plaintiff's motion *in limine* further misses the mark by asserting that if Leica provided insufficient notice of termination, then *any* evidence pertaining to "good cause" for termination is irrelevant as a matter of law.  Doc. 95 at 5-6.  As an initial matter, whether or not good cause existed to terminate a dealership relationship, like the issue of sufficiency of notice, is a question for the jury to decide that is improper to rule on as a matter of law in an evidentiary motion *in limine*.  *See, e.g.*, *Frieburg Farm Equip., Inc. v. Van Dale, Inc.*, 978 F.2d 395, 401 (7th Cir. 1992) ("[W]hether a grantor had good cause is a question of fact for the jury."); *Morley-Murphy Co. v. Zenith Elecs. Corp.*, 142 F.3d 373, 377-78 (7th Cir. 1998) (reversing grant of summary judgment where defendant should have been permitted to prove good cause); *Ziegler Co.*, 147 Wis. 2d at 320-322 (remanding

for jury determination of whether there was good cause).  Granting Plaintiff's

motion *in limine* would foreclose Leica from establishing good cause to terminate

at trial and thus improperly remove the question of good cause termination from

the jury.  Plaintiff should not be permitted to deprive Leica of its defense via an

improper motion *in limine* filed on the eve of trial without the procedural

safeguards within Fed. R. Civ. P. 56.

Evidence relating to good cause for terminating a business relationship

falling within the scope of the WFDL is plainly relevant to the issues in this case.

*See Al Bishop*, 474 F. Supp. at 830.  If the jury finds a "dealership" existed under

the WFDL, then, as discussed *supra*, the jury also must determine if (1) there was

good cause to terminate, and (2) Leica complied with notice requirements.  *Id.*

Based on several leaps of logic that are not grounded in fact or law, Plaintiff

arrives at his conclusion that the first pertinent question—"good cause" to

terminate—is irrelevant if notice of termination is insufficient.  Doc. 95 at 5.

Plaintiff argues that, as a matter of law, Leica cannot demonstrate

compliance with the WFDL notice requirements, and therefore any evidence

pertaining to good cause termination is either irrelevant or prejudicial.  *Id.* at 5-6.

As detailed in Section III.A. above, however, Leica's termination *met* every notice

requirement of the WFDL—including (1) 90 days notice of termination, (2) a list

20

of the deficiencies which constitute the reason for ending the relationship, and (3)

60 days in which to cure the deficiencies.  This itself establishes the relevance of

evidence of good cause termination in this case.

Evidence of whether Leica had good cause to terminate Plaintiff as a survey

products distributor is also highly relevant to other issues in the case including, for

example, the scope of Plaintiff's potential damages.  *See, e.g. Moodie v. School*

*Book Fairs, Inc.*, 889 F.2d 739 (7th Cir. 1989) (finding that defendant violated the

Wisconsin Fair Dealership Law, Wis. Stat. § 135 where plaintiff was found to be a

dealer, but awarding plaintiff damages only for lost profits during the cure period).

In *Moodie*, defendant School Book Fairs terminated plaintiff distributor Moodie

without providing *any* notice or opportunity to cure.  *Id.* at 741.  The district court

granted summary judgment on the issues of dealership and notice, and a trial was

held to determine damages.  *Id*.

The district court found that even if defendant had met the notice

requirements of the WFDL, Moodie's employment would have lasted only 90 days

longer, commensurate with the required notice and cure period before termination,

because Moodie was in fact terminated for good cause and could not have cured.

*Id.*  The court limited damages to the 90 days following Moodie's termination in

spite of testimony from an expert claiming that Moodie could have continued

21

working for Plaintiff for 20 years.  *Id.*  On appeal, Moodie argued that termination without notice entitles the dealer to the same damages as if he were terminated without good cause.  *Id.* at 746.  The court disagreed, noting that plaintiff's damages award should be consistent with the finding that he was terminated for cause rather than reflecting the amount he would have earned if termination was wrongful.  *Id.*

As this Court is already aware from earlier briefing on Leica's pending *Daubert* motion to exclude Plaintiff's damages expert [Doc. 84, 88], Plaintiff is asserting a claim for lost profit damages extending 15 to 25 years from the time his distributorship with Leica for survey products ceased.  As in *Moodie*, even if the jury were to determine that Leica's notice of termination was insufficient, whether that termination was with good cause will significantly impact a potential damages calculation.  If the jury finds termination was for good cause and that Plaintiff did not cure or could not cure, then Plaintiff's damages are limited to the 90-day notice period provided by Wis.Stat. § 135.04, and ***not*** a speculative multi-year future time period as if Plaintiff's termination was wrongful and without good cause. Consequently, for at least each of these reasons, Leica is entitled to present to the jury any and all evidence of good cause for termination of its distributorship with Plaintiff for survey products.

What Plaintiff attempts through his motion *in limine* is to resolve factual and legal questions surrounding his termination as a distributor of Leica survey products as a matter of law.  Court's have long rejected this tactic because "[a] motion in limine is designed to narrow evidentiary issues for trial, not resolve factual disputes or weigh evidence." *Johnson v. Inland Steel Co.,* 140 F.R.D. 367, 371 (N.D. Ill. 1992) (*citing Bradley*, 913 F.2d at 1069).  As with Plaintiff's arguments to preclude Leica's assertion that it properly noticed his termination as distributor of survey products, had Plaintiff wanted to prevent Leica from raising good cause for termination as a defense at trial, then he should have brought a timely motion for summary judgment pursuant to Fed. R. Civ. P. 56. *Id*.  Plaintiff failed to do so.  Consequently, Plaintiff should not be permitted to file an untimely dispositive motion that is styled as a motion *in limine* and that lacks the "crucial procedural safeguards" of Rule 56. *C&E Services, Inc.*, 2008 WL 789069, at *6 (citing *Provident Life & Accident Ins. Co.,* 176 F.R.D. at 250).

## **CONCLUSION**

For the foregoing reasons, Plaintiff's motion *in limine* should be denied.

Dated:  May 26, 2015.                                        Respectfully submitted,

/s/ *John M. Bowler*
John M. Bowler
Georgia Bar No. 071770
john.bowler@troutmansanders.com
Lindsay Mitchell Henner
Georgia Bar No. 272310
lindsay.henner@troutmansanders.com

TROUTMAN SANDERS LLP
600 Peachtree Street, NE, Suite 5200
Atlanta, Georgia 30308-2216
Telephone: (404) 885-3000
Facsimile: (404) 885-3900

ATTORNEYS FOR DEFENDANT LEICA
GEOSYSTEMS INC.

## <u>CERTIFICATE OF COMPLIANCE</u>

I certify that the foregoing memorandum, including footnotes, has been

prepared in Times New Roman 14 font and is in compliance with Local Rule 5.1.

By: ___/s/ *John M. Bowler*_____

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

|  |  |  |
|---|---|---|
| CLIFF DETEMPLE D/B/A TURNING POINT SYSTEMS GROUP, | ) ) ) | |
| Plaintiff, | ) ) | CIVIL ACTION FILE |
| v. | ) ) | NO. 1-09-CV-03272-RTS |
| LEICA GEOSYSTEMS INC., | ) ) | |
| Defendant. | ) ) | |
| _____ | ) | |

## CERTIFICATE OF SERVICE

I hereby certify that on May 26, 2015, the undersigned caused a true and correct copy of **DEFENDANT LEICA'S OPPOSITION TO PLAINTIFF DETEMPLE'S MOTION IN LIMINE [DOC. 95]** to be served upon all counsel of record via the Court's CM/ECF filing system.

By: ___/s/ *John M. Bowler*_____
John M. Bowler
Georgia Bar No. 071770
TROUTMAN SANDERS LLP
600 Peachtree Street, NE, Suite 5200
Atlanta, Georgia 30308-2216
Telephone: (404) 885-3000
Facsimile: (404) 885-3900
**john.bowler@troutmansanders.com**