## THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | | |
|---|---|---|
| CLIFF DETEMPLE D/B/A TURNING POINT SYSTEMS GROUP, | ) ) ) | |
| Plaintiff, | ) ) | CIVIL ACTION FILE |
| v. | ) ) | NO. 1-09-CV-03272-RWS |
| LEICA GEOSYSTEMS INC., | ) ) | |
| Defendant. | ) ) | |

## PLAINTIFF'S BRIEF IN OPPOSITION TO DEFENDANT'S MOTION IN LIMINE WITH RESPECT TO PLAINTIFF DETEMPLE'S JUNE 23, 2015 TRIAL WITNESS LIST

Defendant asserts the Court must exclude the testimony of three witnesses, Sharon Adams, Dave Spanjar, and Bob Sawinski ("the witnesses") because the witnesses were not disclosed during the discovery period and were not identified in Plaintiff's interrogatory responses. [Doc. # 102, pp. 1-2]. Defendant classifies this as "classic, last-minute sand-bagging" which unduly prejudices Leica on the eve of trial. [Doc. #102, p. 2].

However, Defendant's assertions fail to account for Defendant's ongoing knowledge of these witnesses throughout the litigation and Defendant's own "classic, last-minute sand-bagging" in raising an issue with the inclusion of the witnesses on the day before the Pretrial Conference with the Court, despite

1

1360582_1

knowing the identities of the witnesses for at least the previous three months. [Doc. #83 – Pretrial Order]. As a result, the Court must deny Defendant's Motion in Limine and allow the witnesses to provide testimony at trial.

## DISCUSSION

**I.     Defendant's Motion Is Untimely.**

Unreasonable delay in the bringing of a motion relying on the principles of Rule 37 renders the motion untimely. Brandt v. Vulcan, Inc., 30 F.3d 752, 756 (7th Cir. 1994); see also Long v. Howard U., 561 F. Supp. 2d 85, 91 (D.D.C. 2008). It is essential the party against whom the motion is brought be provided a sufficient opportunity to respond and provide the court sufficient time to review the contentions raised in the motion. Gamby v. Equifax Info. Services, LLC, 06-11020, 2010 WL 46983, at *1 (E.D. Mich. Jan. 7, 2010). Where there is an indication that the party waited to "spring the issue" on the other party shortly before trial, the motion is untimely and must be disregarded by the court. See Adelman v. Boy Scouts of Am., 276 F.R.D. 681, 690 (S.D. Fla. 2011).

Here, there is a strong indication Defendant delayed the filing of its Motion in Limine until the day before the pretrial conference to inhibit Plaintiff's ability to respond and the Court's ability to fully review the issues. Pursuant to the Court's standing order on civil litigation, one of the purposes of the Pretrial Conference is to "rule on...motions in limine." (Exhibit 1 – Standing Order Regarding Civil

2

Litigation, Judge Richard W. Story, p. 20). Defendant waited until the day before the pretrial conference to file its Motion in Limine, providing Plaintiff less than a day to respond prior to the Court's Pretrial Conference at which Defendant knew the motion would be ruled upon. The delayed filing not only prevents the Plaintiff from having a sufficient opportunity to respond but also deprives the Court of sufficient time to review the motion.

The propriety of Defendant's motion is further belied by Defendant's admission that Plaintiff listed the witnesses in the joint pretrial order. [Doc. #102, p. 2]. The purpose of listing witnesses in the pre-trial order is to avoid the filing of motions such as the motion currently before the Court by outlining who may be called as a witness at trial and enabling the parties to rely upon the representations of which witnesses may be called in preparing for trial. [See Doc. #83, p. 15]. However, despite Defendant's knowledge of the three witnesses in now seeks to exclude in the Pretrial Order, Defendant waited until the day before the Pretrial Conference to raise the issue. When viewed as a whole, Defendant's actions leave no doubt that Defendant waited to raise its objection to Plaintiff's witnesses so that it might "spring the issue" on Plaintiff and limit the ability of the Court to fully review the issue.   As a result, the Court should not consider Defendant's contentions regarding Plaintiff's witnesses.

1360582_1

## II.     The Delayed Disclosure Of Witnesses Is Harmless To Defendant.

Defendant contends DeTemple cannot demonstrate the delayed disclosure of witnesses was harmless. [Doc. # 102, p. 6]. However, Defendant fails to present any evidence demonstrating it was harmed by the delayed disclosure of the witnesses, instead suggesting the witnesses' testimony is "likely repetitive and duplicative." Defendant cannot assert that it was so prejudiced that the witnesses must be excluded while simultaneously asserting the potential testimony is so banal that it is meaningless in the context of trial.

Rule 37(c) limits the use of a witness not identified in the Rule 26(a) disclosures, but also recognizes an exception to the limitation where the witness was not listed as the result of a substantially justified circumstance or where the non-disclosure is harmless. Fed.R.Civ.P. 37(c)(1); see also Newman v. GHS Osteopathic, Inc., Parkview Hosp. Div., 60 F.3d 153, 156 (3d Cir. 1995) (noting "the rule expressly provides that sanctions should not be imposed...if the failure to disclose was harmless."). Despite the provisions of Rule 37(c), a "district court may be found to have abused its discretion if the exclusion of testimony results in fundamental unfairness in the trial of the case." Orjias v. Stevenson, 31 F.3d 995, 1005 (10th Cir. 1994).

A discovery mistake is harmless if it is honest, and is coupled with sufficient knowledge of the information on the part of the other party. In re Delta/AirTran

1360582_1

Baggage Fee Antitrust Litig., 846 F. Supp. 2d 1335, 1358 (N.D. Ga. 2012); see also Go Med. Industries Pty, Ltd. v. Inmed Corp., 300 F. Supp. 2d 1297, 1308 (N.D. Ga. 2003); Burney v. Rheem Mfg. Co., Inc., 196 F.R.D. 659, 692 (M.D. Ala. 2000). The Advisory Committee Notes to the 1993 amendment of Rule 37(c) list the "inadvertent omission from a Rule 26(a)(1)(A) disclosure of the name of a potential witness known to all parties" as an example of a harmless delayed disclosure. See Advisory Committee Notes to the 1993 amendment of Rule 37(c). Here, Plaintiff's honest mistake regarding the inclusion of the witnesses in the Rule 26 disclosures, coupled with Defendant's knowledge of the witnesses and the fundamental fairness of the matter demonstrate excluding the witnesses is not a proper remedy.

### A. Plaintiff's Inadvertent Exclusion Of Witnesses From Its Initial Disclosures.

Defendant points to Plaintiff's Initial Disclosures and Responses to Interrogatories to suggest DeTemple intentionally conceal the witnesses from Leica. [Doc. # 102, pp. 2-5]. However, the circumstances of the litigation and the subject matter of the testimony the witnesses seek to offer demonstrate DeTemple inadvertently excluded these witnesses from his Initial Disclosures. Absent evidence of willful withholding of discovery information and the lack of a "smoking gun" within the information withheld, there is no basis for the exclusion

5

of such evidence.  In re Delta/AirTran Baggage Fee Antitrust Litig., 846 F. Supp. 2d 1335, 1358 (N.D. Ga. 2012).

Here, there is no evidence of willfulness on the part of DeTemple in listing these witnesses although they were not included in the initial disclosures. The lack of supplementation simply stems from an understanding that the parties were wholly aware of the witnesses through the significant deposition testimony provided about each witness. The lack of an effort to conceal the witnesses is further evidenced by Plaintiff's identification of the witnesses in its attachment to the pretrial order. [Doc. #83, p. 73-76].

Moreover, an examination of the Interrogatories propounded by Defendant demonstrates the identities of the witnesses were not responsive to the inquiries directed at Plaintiff. In the interrogatories contained in Defendant's Exhibit B, only two interrogatories ask Plaintiff to identify specific individuals. [See Doc. # 102-2, pp. 4, 7]. Both interrogatories seek the identities of individuals with knowledge of Plaintiff's costs, revenues, profits, and valuations of Plaintiff's business. [See Doc. # 102-2, pp. 4, 7]. The testimony the witnesses will provide do not address these topics. See Sect. II.C, infra.

Similarly, the relevant interrogatories in Defendant's Exhibit C seek the identities of individuals with knowledge of whether Defendant had good cause to terminate Plaintiff, Plaintiff's performance under the agreement, and the damages

1360582_1

suffered by Plaintiff. [Doc. # 102-3]. Again, the testimony of the witnesses do not fall within these categories. See Sect. II.C, infra. Finally, the interrogatories in Defendant's Exhibit D seek information regarding the alleged breach of the duty of good faith and fair dealing. [Doc. # 102-4]. The issue of the breach of the duty of good faith and fair dealing is no longer a matter before the court and has no relation to the testimony to be provided by the witnesses.

In light of the foregoing, there is no indication that Plaintiff willfully hid these witnesses from Defendant. On the contrary, Plaintiff believed Defendant possessed more than sufficient knowledge of the identity of the witnesses to provide notice that they may be witnesses called at trial. These factors, combined with Plaintiff's inclusion of the witnesses in the March 18, 2015 Pretrial Order, demonstrate the inadvertence in Plaintiff's exclusion of the witnesses in the Rule 26 disclosures.

## B. The Deposition Questioning Demonstrates Defendant's Awareness Of The Witnesses.

Defendant contends its minimal familiarity with the witnesses is insufficient to allow the witnesses to testify. [Doc. # 102, p. 10]. However, the nature of the deposition questioning utilized by Defendant demonstrates Defendant was more than "vaguely aware" of the witnesses. Unlike Davis and Rogers, the depositions

in this matter demonstrate the witnesses were not merely mentioned, but were instead the focus of specific and substantial lines of questioning.

The depositions of Cliff DeTemple from 2009 and 2012, copies of which are attached as Exhibit 2 and Exhibit 3, demonstrate Defendant knew of all three witnesses and that the witnesses were not merely mentioned, but were the focus of several lines of questioning. Sharon Adams was referenced five (5) times in the first deposition of DeTemple and twenty-four (24) times in the second deposition. (See Exhibit 2 – DeTemple Dep., Mar. 25, 2009; Exhibit 3 - DeTemple Dep. II, Mar. 27, 2012). The questioning pertaining to Adams in the second deposition focused on the compilation of data in spreadsheets which were then used by DeTemple. (Ex. 3 – DeTemple Dep. II - 66:8-21; 67:13-69:19; 70:5-13; 76:2-18; 79:10-17; 113:15-24; 116:10-11; 118:7-119:24; 124:12-126:2). The significant questioning about Ms. Adams and her role in preparing records demonstrates Defendant was more than familiar with Adams and the potential testimony she may provide at trial.

Similarly, Bob Sawinski is referenced seventeen (17) times in the depositions of Cliff DeTemple. (See Ex. 2, Ex. 3). The deposition testimony indicates Defendant knew Sawinski possessed information regarding the additional services provided by Turning Point. (Ex. 2 – DeTemple Dep. – 44:21-45:16; 116:2-18; 119:9-14). Sawinski was further mentioned in questioning regarding the

8

1360582_1

inventory of Leica equipment to be returned following the termination. (Ex. 2 - DeTemple Dep. – 191:23-192:7; Ex. 3 - DeTemple Dep. II – 114:16-116:2; 118:3-10). Finally, Sawinski's involvement in the sales of Leica equipment was noted in the deposition. (Ex. 2 - DeTemple Dep. – 217:6-8; 224:6-16).

Finally, Dave Spanjar is referenced seven (7) times in Cliff DeTemple's deposition. (See Ex. 2). The questioning demonstrated Spanjar worked for TPSG and began working with TPSG as a result of increased sales. (Ex. 2 – DeTemple Dep. – 43:5-14; 217:2-14). Spanjar was also referenced in regard to the changes in customer base following Leica's termination of its relationship with TPSG. (Ex. 2 – DeTemple Dep. – 158:25-159:7).

The deposition testimony indicates Defendant was more than "merely familiar" with the three witnesses. Combined with the inadvertent nature of Plaintiff's lack of supplementation, the inclusion of these witnesses at trial is harmless to Defendant. As a result, Defendant's Motion in Limine must be denied.

**C. The Balancing Of Equities Demonstrates The Witnesses Should Be Allowed To Testify.**

The Eleventh Circuit's standard of review on the propriety of excluding previously undisclosed witnesses inherently recognizes the underlying purpose of ensuring the fundamental fairness of the trial. See Bearint ex rel. Bearint v. Dorell Juv. Group, Inc., 389 F.3d 1339, 1353 (11th Cir. 2004). In considering the

1360582_1

importance of the testimony, the reasons why the witnesses were not disclosed, and the prejudice to the other party, the court's ultimate purpose is to provide a fair result for the parties. See id.

Here, the testimony is significant to Plaintiff's case on several grounds. The testimony of Sharon Adams is necessary to provide the foundation for several documents relied upon by Plaintiff and Plaintiff's expert, Tracy Coenen, to determine the amount of sales, profits, and inventory associated with the operation of Plaintiff's business. Similarly, Bob Sawinski's testimony is necessary to provide the jury with information regarding Plaintiff's inventory as well as the additional services provided to Plaintiff's customers–an element relevant to the existence of a dealership. Finally, Spanjar's testimony is important to provide evidence further demonstrating the existence of a dealership under the WFDL as it pertains to the use of a sales staff and the way in which Plaintiff conducted business. While none of the witnesses serve as a "smoking gun," the testimony of each is essential to Plaintiff's claims and provides the jury with a complete understanding of Plaintiff's business and its interaction with Defendant in the operation of that business.

Moreover, Defendant is not prejudiced by not having the opportunity to previously depose these witnesses. As noted above, Plaintiff's untimely disclosure was inadvertent and Defendant possessed an awareness of each witness's import in

10

the various facets of Plaintiff's business and could have deposed the witnesses at that time. Further, Defendant could have raised the issue in March when Plaintiff listed the witnesses in its Pretrial Order. Had Defendant timely raised the issue, the parties could have arranged for the witnesses to be examined prior to trial. Any prejudice to Defendant stems from Defendant's failure to timely raise objections to the witnesses, not from Plaintiff's alleged untimely disclosure of the witnesses.

Considering the totality of the circumstances, fundamental fairness requires the witnesses be allowed to testify. Defendant chose to wait before raising its objections, and in doing so inflicted any prejudice associated with the testimony of the witnesses upon itself.  As a result, the Court must deny Defendant's motion in limine.

## CONCLUSION

In light of the foregoing, the Court should deny Defendant's Motion in Limine. Defendant intentionally failed to raise the issue in a timely manner so that it might "spring the issue" on the Plaintiff and the Court the day before the Pretrial Conference.  Moreover, Plaintiff's untimely disclosure was harmless to Defendant, as Defendant possessed sufficient knowledge of the witnesses through the deposition testimony and any prejudice associated with Defendant's inability to depose the witnesses is the result of Defendant's own actions.   Fundamental

11

1360582_1

fairness mandates the witnesses be allowed to testify and that the Court deny Defendant's Motion in Limine.

Dated this 30th day of June, 2015.

THE SCHROEDER GROUP, S.C.,
ATTORNEYS AT LAW

*/s/ Paul R. Hoefle*
Paul R. Hoefle, Esq.
20800 Swenson Drive, Suite 475
Waukesha, WI 53186
(262) 754-1306
(262) 798-8232  (facsimile)
prh@tsglaw.com

BOVIS, KYLE, BURCH & MEDLIN, LLC

*/s/ W. Randal Bryant*
John V. Burch, Esq.
W. Randal Bryant, Esq.
200 Ashford Center North, Suite 500
Atlanta, GA 30338
(678) 338-3903
(770) 668-0878 (facsimile)
jvb@boviskyle.com
rbryant@boviskyle.com

*Attorneys for Plaintiff*

1360582_1

## CERTIFICATE OF COMPLIANCE

I hereby certify that the foregoing motion has been prepared in Times New Roman 14 font and is in compliance with Local Rule 5.1.

THE SCHROEDER GROUP, S.C.,
ATTORNEYS AT LAW

_/s/ Paul R. Hoefle_
Paul R. Hoefle, Esq.
Crossroads Corporate Center
20800 Swenson Drive, Suite 475
Waukesha, WI 53186
(262) 754-1306
(262) 798-8232 (facsimile)
prh@tsglaw.com

_Attorney for Plaintiff_

## CERTIFICATE OF SERVICE

I hereby certify that on June 30, 2015, I electronically filed the foregoing document with the Clerk of Court using the CM/ECF systems which will automatically send email notification of such filing to the all attorneys of record.

DATED:  June 30, 2015

_/s/ Paul R. Hoefle_
Paul R. Hoefle
Counsel for Plaintiff

13

1360582_1