IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| CLIFF DETEMPLE D/B/A<br>TURNING POINT SYSTEMS<br>GROUP,<br><br>    Plaintiff,<br><br>v.<br><br>LEICA GEOSYSTEMS INC.,<br><br>    Defendant. | :<br>:<br>:<br>:<br>:<br>:   CIVIL ACTION NO.<br>:   1:09-CV-03272-RWS<br>:<br>:<br>:<br>:<br>:<br>: |

## ORDER

This case comes before the Court on multiple evidentiary motions: Defendant Leica Geosystem, Inc.'s Daubert Motion/Motion to Exclude the Testimony of Plaintiff's Expert Witness Tracy L. Coenen [84], Plaintiff's Motions in Limine [95], Defendant Leica's Motion for Leave to File Surreply to Respond to New Argument Raised in Plaintiff DeTemple's Reply in Support of his Motion in Limine [Doc. 98] [99], and Defendant Leica's Motion in Limine With Respect to Plaintiff DeTemple's June 23, 2015 Trial Witness List [102]. After a review of the Record and oral arguments heard at the June 30, 2015 pretrial conference, the Court enters the following Order.

I.  **Defendant's Daubert Motion/Motion to Exclude the Testimony of Plaintiff's Expert Witness Tracy L. Coenen [84]**

Defendant Leica Geosystems, Inc. ("Leica") moves to exclude Plaintiff's expert witness, Tracy L. Coenen, from offering any opinions on the issue of damages at trial. Defendant challenges Ms. Coenen's methods and asserts that her testimony would not assist a jury in evaluating damages.

Federal Rule of Evidence 702 governs the admissibility of proposed expert evidence:

> If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise.

The trial court, as the gate-keeper, must determine that the testimony is "sufficiently tied to the facts of the case that it will aid the jury in resolving a factual dispute." Daubert v. Merrell Dow Pharm., 509 U.S. 579, 591 (1993) (quoting United States v. Downing, 753 F.2d 1224, 1242 (3d Cir. 1985)). The trial court must also "make certain that an expert . . . employs in the courtroom the same level of intellectual rigor that characterizes the practice of an expert in the relevant field." Kumho Tire Co. Ltd. v. Carmichel, 526 U.S. 137, 152 (1999). The Eleventh Circuit has synthesized the existing rules into a three-part

2

inquiry, instructing courts to consider whether: (1) the expert is qualified to testify competently regarding the matters he intends to address; (2) the methodology by which the expert reaches his conclusions is sufficiently reliable as determined by the sort of inquiry mandated in <u>Daubert</u>; and (3) the testimony assists the trier of fact, through the application of scientific, technical, or specialized expertise, to understand the evidence or to determine a fact in issue. <u>City of Tuscaloosa v. Harcros Chemicals, Inc.</u>, 158 F.3d 548, 562 (11th Cir. 1998), <u>reh'g and reh'g en banc denied</u>, 172 F.3d 884 (1999).

With respect to the reliability of expert testimony, relevant factors include "(1) whether the expert's theory can be and has been tested; (2) whether the theory has been subjected to peer review and publication; (3) the known or potential rate of error of the particular scientific technique; and (4) whether the technique is generally accepted in the scientific community." <u>U.S. v. Frazier</u>, 387 F.3d 1244, 1262 (11th Cir. 2004) (quoting <u>Quiet Tech. DC-8, Inc. v. Hurel-Dubois UK Ltd.</u>, 326 F.3d 1333, 1340 (11th Cir. 2003)). "These factors are illustrative, not exhaustive; not all of them will apply in every case, and in some cases other factors will be equally important in evaluating the reliability of proffered expert opinion." <u>Id.</u> It is important to note that "expert testimony that

3

does not meet all or most of the Daubert factors may sometimes be admissible." U.S. v. Brown, 415 F.3d 1257, 1268 (11th Cir. 2005).

The Court holds that Ms. Coenen may not testify as to lost profits. Ms. Coenen failed to state a reliable basis for her projection of future lost profits in her expert report, as required by the Federal Rules of Civil Procedure, the Federal Rules of Evidence, and Daubert. Ms. Coenen may testify about inventory loss. Accordingly, Defendant's Daubert Motion is **GRANTED in part and DENIED in part.**

II.     Plaintiff's Motions in Limine [95]

Plaintiff Cliff DeTemple d/b/a Turning Point Systems Group moves to preclude Leica from presenting any evidence of good cause for termination under the Wisconsin Fair Dealership Law and any evidence that Leica provided notice of termination in July 2006. DeTemple argues that this evidence is irrelevant under Federal Rule of Evidence 402 and, in the alternative, that its probative value is outweighed by the risks laid out in Federal Rule of Evidence 403.

As an initial matter, Defendant Leica's Motion for Leave to File Surreply to Respond to New Argument Raised in Plaintiff DeTemple's Reply in Support

4

of his Motion in Limine [Doc. 98] [99] is **GRANTED**.

Treating Plaintiff's Motion as a motion *in limine*, it is **DENIED**. Any substantive legal questions may be appropriately raised at a later time, after the evidence has been presented at trial.

### III.   Defendant Leica's Motion in Limine With Respect to Plaintiff DeTemple's June 23, 2015 Trial Witness List [102]

Defendant filed this Motion in Limine with respect to three of eight witnesses identified by Plaintiff on his intend-to-call witness list submitted on June 23, 2015. Defendant moves to preclude Sharon Adams, Dave Spanjar, and Bob Sawinski from testifying at trial because Defendant did not have the opportunity to depose the witnesses during discovery due to Plaintiff's failure to identify them as likely witnesses.

The Court will allow Ms. Adams to testify at trial solely for the purposes of authentication of Plaintiff's business records. However, Mr. Spanjar and Mr. Sawinski will not be allowed to testify. Defendant's Motion in Limine is, therefore, **GRANTED in part and DENIED in part**.

### Conclusion

Defendant Leica Geosystem, Inc.'s Daubert Motion/Motion to Exclude

AO 72A
(Rev.8/82)

the Testimony of Plaintiff's Expert Witness Tracy L. Coenen [84] is **GRANTED in part and DENIED in part**. Plaintiff's Motions in Limine [95] are **DENIED**. Defendant Leica's Motion for Leave to File Surreply to Respond to New Argument Raised in Plaintiff DeTemple's Reply in Support of his Motion in Limine [Doc. 98] [99] is **GRANTED**. Defendant Leica's Motion in Limine With Respect to Plaintiff DeTemple's June 23, 2015 Trial Witness List [102] is **GRANTED in part and DENIED in part**.

    **SO ORDERED**, this ____ day of July, 2015.

                                                RICHARD W. STORY
                                               UNITED STATES DISTRICT JUDGE

AO 72A
(Rev.8/82)