THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| CLIFF DETEMPLE D/B/A TURNING POINT SYSTEMS GROUP, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>LEICA GEOSYSTEMS INC., )<br>)<br>Defendant. )<br>_____ ) | CIVIL ACTION FILE<br><br>NO. 1-09-CV-03272-RWS |

## **PLAINTIFF'S BRIEF IN SUPPORT OF ALLOWING CLIFF DETEMPLE TO TESTIFY AS TO LOST FUTURE PROFITS**

Plaintiff seeks to introduce testimony from Cliff DeTemple on the topic of lost future profits stemming from Defendant's alleged violation of the Wisconsin Fair Dealership Law. Defendant objects to the introduction of the evidence on the grounds that DeTemple testified at deposition that he did not have an opinion on the matter and that such testimony is unduly prejudiced by the surprise associated with the testimony.

DeTemple should be permitted to testify on the matter of lost profits because he possesses requisite knowledge of the business and may offer his opinion under FRE 701. The use of DeTemple's previous deposition testimony is limited to impeachment purposes and cannot bar DeTemple's testimony. Further,

1

DeTemple's relevant discovery responses and deposition testimony demonstrates Defendant is adequately prepared to address the testimony through cross-examination at trial. As a result, Cliff DeTemple must be allowed to testify as to Turning Point System Group's lost future profits.

## DISCUSSION

### I.      DeTemple Is Qualified To Testify On Lost Profits

Courts throughout the country, including the Eleventh Circuit Court of Appeal, recognize that small business owners are competent to testify as to the profitability of their businesses because of "their personal but particularized knowledge acquired by virtue of the routine activities and functions" in operating the business. See, e.g., Gulf Power Co. v. Coalsales II, LLC, 522 Fed. Appx. 699, 708 (11th Cir. 2013)(unpublished). Wisconsin law similarly allows a business owner to testify regarding lost profits. See, e.g., Teff v. Unity Health Plans Ins. Corp., 265 Wis. 2d 703, 723, 666 N.W.2d 38, 48 (Wis. App. 2003) (noting that business owners are competent to testify on the value of their businesses).

The personal knowledge of the business owner permits him to offer an opinion as to the profits of the business under FRE 701 and does not require the business owner to meet the standards for expert testimony under FRE 702. Advisory Committee Notes to the 2000 amendment of FRE 701 (stating, "most courts have permitted the owner or officer of a business to testify to the value or

projected profits of the business, without the necessity of qualifying the witness as an accountant, appraiser, or similar expert.").

Several other circuit and district courts also recognize the propriety of allowing a small business owner to testify about lost profits. Securitron Magnalock Corp. v. Schnabolk, 65 F.3d 256, 265 (2d Cir. 1995) (holding company president possessed "personal knowledge of his business ... sufficient to make ... [him] eligible under Rule 701 to testify as to how lost profits could be calculated."); Lightning Lube, Inc. v. Witco Corp., 4 F.3d 1153, 1175 (3d Cir. 1993) (holding business owner's "knowledge and participation in the day-to-day affairs of his business" enabled him to testify regarding lost profits as a lay witness under FRE 701); Mississippi Chem. Corp. v. Dresser-Rand Co., 287 F.3d 359, 374 (5th Cir. 2002) (allowing "lost profit testimony by a layperson witness if the witness has direct knowledge of the business accounts underlying the profit calculation."); Diesel Mach., Inc. v. B.R. Lee Industries, Inc., 418 F.3d 820, 837 (8th Cir. 2005) ("A business owner's testimony is sufficient to support an award of lost profits."); Ryan Dev. Co., L.C. v. Indiana Lumbermens Mut. Ins. Co., 711 F.3d 1165, 1170-71 (10th Cir. 2013) (allowing lay testimony on lost profits by accountants for business given involvement in and knowledge of business); First Annapolis Bancorp, Inc. v. U.S., 72 Fed. Cl. 204, 207 (Fed. Cl. 2006) (noting "courts 'have allowed lost profit testimony by a layperson witness if the witness has direct

knowledge of the business accounts underlying the profit calculation.'" (internal citations omitted)); Sherf v. Antoniak, 05-0447-CVW-HFS, 2007 WL 2463210, at *4 (W.D. Mo. Aug. 27, 2007) ("I agree with plaintiff that lost profits, like value of one's property, can often be testified to by an owner of a business."

Here, it is abundantly clear that Cliff DeTemple is qualified to testify about lost profits as a lay witness within the parameters of FRE 701. DeTemple is a sole proprietor involved in every aspect of the operation of his business. He personally prepared the business's tax returns, determines the resale price of each product line, and has an extensive knowledge of the goods he purchased from Leica. His intimate knowledge with every financial aspect of Turning Point Systems Group qualifies him to offer lay testimony as to the lost future profits associated with Leica's violation of the Wisconsin Fair Dealership Law.

## II.    Defendant Is Not Prejudiced By DeTemple's Testimony On Lost Profits.

Defendant's trial brief contends that DeTemple cannot offer testimony on lost profits because he stated he relied on the opinion of Tracy Coenen as to lost profits in his March 12, 2012 deposition. [Doc. #104, pp. 17-18]. However, Defendant cites no authority to support its assertion that DeTemple is precluded from testifying as to lost profits. [Doc. #104, pp.17-18]. Rather, the relevant discovery responses and deposition testimony demonstrate Defendant was provided with and exercised its opportunity to cross-examine DeTemple during

deposition in regard to the information underlying DeTemple's opinion as to the lost profits of his business.

### A. DeTemple's Deposition Testimony Does Not Preclude Him From Testifying.

Deposition testimony does not serve as a basis for the exclusion of contradictory evidence at trial, but rather provides the adverse party an opportunity to impeach the witness on that topic. A witness is "free to testify differently from the way he or she testified in a deposition, albeit at the risk of having his or her credibility impeached by the introduction of the deposition." Contl. Cas. Co. v. First Fin. Employee Leasing, Inc., 716 F. Supp. 2d 1176, 1190 (M.D. Fla. 2010) (citing R & B Appliance Parts, Inc. v. Amana Co., L.P., 258 F.3d 783, 786–87 (8th Cir.2001); see also Fine v. Ryan Intern. Airlines, 305 F.3d 746, 753 (7th Cir. 2002) ("A party is free to contradict her deposition testimony at trial, although her opponent may then introduce the prior statement as impeachment."); Ali v. The Final Call, Inc., 13 C 6883, 2015 WL 3856076, at *3 (N.D. Ill. June 19, 2015) ("[Plainitiff] may offer a different answer at trial and, if [Defendant] uses the deposition transcript to impeach him, he may attempt to explain the difference between his answers.").

Here, DeTemple's testimony stating he relied on the opinion of his expert witness for the determination of lost profit damages serves no purpose beyond serving as a basis for Defendant to impeach his testimony. Moreover, an

5

examination of the deposition testimony demonstrates DeTemple indicated he may testify on the topic at trial and temporally limits his reliance on his retained expert at that point in the litigation. (Exhibit 1 – DeTemple Dep. II, March 27, 2012 – 131:3-19). DeTemple noted that he had an idea of the lost profit he suffered outside of the opinion provided by Tracy Coenen. (Ex. 1 – DeTemple Dep. II, 131:3-9). He also stated he did not know whether he would be asked to provide an opinion as to lost profits at trial. (Ex. 1 – DeTemple Dep. II – 131:10-14). The testimony is not the "unambiguous response" Defendant suggests precludes DeTemple from providing any testimony on the subject. Even assuming, *arguendo*, the testimony was unambiguous, the use of the deposition is limited to impeachment of DeTemple.

### B. Plaintiff's Rule 26 Disclosures And Discovery Responses List Cliff DeTemple As A Witness With Information As To Lost Profit Damages.

A court may preclude a witness from testifying at trial if the witness was not properly identified in the party's Rule 26 disclosures. Fed.R.Civ.P 37(c)(1). However, where the witness is identified, there is no basis to exclude the testimony of the witness. See id. Throughout the several years the instant matter has been pending, Plaintiff consistently referred to Cliff DeTemple as a witness that may be called upon to provide testimony as to damages—specifically lost profits.

In Plaintiff's Rule 26(a)(1) disclosures, Cliff DeTemple is identified as a witness with knowledge of "Plaintiffs' damages and attempts to mitigate same." [Doc. #102-1, pp. 2-3]. Similarly, in Plaintiff's March 6, 2012 response to Defendant's interrogatory seeking the identity of "all individuals…with knowledge of the costs, revenues, profits, lost profits including future profits, and valuations of your business….", Plaintiff identified Cliff DeTemple as an individual with such knowledge. [Doc. #102-2, p. 4]. DeTemple was also listed by reference to a previous response as a person with information regarding damages in the matter. [Doc. #102-3]. These discovery responses further demonstrate Cliff DeTemple is qualified to provide testimony regarding lost profits at trial.

### C. Defendant Cross-Examined DeTemple As To Each Topic Underlying DeTemple's Opinion On Lost Future Profits.

Defendant is adequately prepared to cross-examine Cliff DeTemple as to his opinion as to lost future profits because Defendant deposed DeTemple on each aspect forming DeTemple's opinions as to lost profits. DeTemple's opinion as to lost profits stems from: 1) his knowledge of the invoiced cost of Leica Survey products purchased during the applicable time period; 2) the profit margin associated with sales of those products; and 3) the expenses associated with the sales of those products set forth in Plaintiff's tax returns. Defendant cross-examined DeTemple on each of these topics during DeTemple's depositions in

2009 and 2012. Consequently, there is no basis for Defendant to assert it cannot adequately cross-examine DeTemple on his opinion of lost profits at trial.

In DeTemple's 2012 deposition, Defendant's counsel questioned DeTemple regarding the contents of Leica invoices and the information contained within the invoices. [Doc. #112 – DeTemple Dep. II – 47:13-48:24]. Additionally, Defendant's counsel expressly asked DeTemple what the gross profit margins were on Leica Survey products in 2004, 2005, and 2006. [Doc. #112 – DeTemple Dep. II – 130:13-131:2]. To each inquiry, DeTemple responded the profit margin was approximately 30 to 31 percent. [Doc. #112 – DeTemple Dep. II – 130:13-131:2]. Defendant also inquired as to DeTemple's profit margins on service performed on Leica Survey products. [Doc. #110 – DeTemple Dep. I, March 25, 2009 – 120:9-24]. Finally, Defendant's counsel questioned DeTemple on each of his tax returns and the contents of the tax returns. [Doc. #110 – DeTemple Dep. I – 223:20-226:8].

In light of these lines of deposition questioning, there is nothing underlying DeTemple's opinion as to lost profits that was not addressed in his deposition testimony. Defendant utilized its opportunity to cross-examine DeTemple in deposition on the topics and cannot now claim it was not prepared to address these topics at trial. As a result, the Court should permit Cliff DeTemple to testify on the topic of lost future profits at trial.

## CONCLUSION

Cliff DeTemple is qualified to provide opinion testimony as to Turning Point System Group's lost future profits because of his status as the owner of the company with substantial involvement of all facets of his business. Moreover, Defendant cannot claim it is prejudiced by DeTemple's testimony because he stated he did not have an ultimate conclusion as to the amount of lost profits at his March 27, 2012 deposition. Defendant had and utilized its opportunity to depose DeTemple on the subject matter underlying his lost profit opinion and may utilize that deposition testimony to cross-examine DeTemple at trial. The Court should allow DeTemple to testify as to lost profits at trial.

<023>

Dated this 6th Day of July, 2015.

           THE SCHROEDER GROUP, S.C.,
            ATTORNEYS AT LAW

           */s/ Paul R. Hoefle*
           Paul R. Hoefle, Esq.
           20800 Swenson Drive, Suite 475
           Waukesha, WI 53186
           (262) 754-1306
           (262) 798-8232 (facsimile)
           prh@tsglaw.com

           BOVIS, KYLE, BURCH & MEDLIN, LLC

           */s/ W. Randal Bryant*
           John V. Burch, Esq.
           W. Randal Bryant, Esq.
           200 Ashford Center North, Suite 500
           Atlanta, GA 30338
           (678) 338-3903
           (770) 668-0878 (facsimile)
           jvb@boviskyle.com
           rbryant@boviskyle.com

           *Attorneys for Plaintiff*

## CERTIFICATE OF COMPLIANCE

I hereby certify that the foregoing motion has been prepared in Times New Roman 14 font and is in compliance with Local Rule 5.1.

>THE SCHROEDER GROUP, S.C.,
> ATTORNEYS AT LAW
>
>    /s/ Paul R. Hoefle
> Paul R. Hoefle, Esq.
> Crossroads Corporate Center
> 20800 Swenson Drive, Suite 475
> Waukesha, WI 53186
> (262) 754-1306
> (262) 798-8232 (facsimile)
> prh@tsglaw.com
>
> *Attorney for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that on July 6, 2015, I electronically filed the foregoing document with the Clerk of Court using the CM/ECF systems which will automatically send email notification of such filing to the all attorneys of record.

DATED:  July 6, 2015

>    /s/ Paul R. Hoefle
> Paul R. Hoefle
> Counsel for Plaintiff