THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| CLIFF DETEMPLE D/B/A TURNING POINT SYSTEMS GROUP, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>LEICA GEOSYSTEMS INC., )<br>)<br>Defendant. )<br>_____ ) | CIVIL ACTION FILE<br><br>NO. 1-09-CV-03272-RWS |

## PLAINTIFF'S BRIEF IN SUPPORT OF PLAINTIFF'S OBJECTION TO DEFENDANT'S ATTEMPED USE OF THE "OVER THE BARREL" TEST

Throughout the course of the litigation, Defendant has referenced the "over a barrel" test utilized by courts of the Seventh Circuit. The "over a barrel" test imposes a higher burden on the putative dealer in demonstrating the existence of a continuing financial interest requisite for the existence of a dealership under the Wisconsin Fair Dealership Law. Plaintiff objects to Defendant's use of the principle at trial because the Court has expressly determined the "over a barrel" analysis is inappropriate to apply in this matter and references to facets of the analysis, including brand-specific investment and recovery of investments, unduly prejudice Plaintiff. Given the prejudicial nature of references to the "over a barrel" analysis, the Court must limit any references to this concept.

1

# DISCUSSION

## I.     The Court's Rejection Of The "Over A Barrel" Analysis.

Defendant's position as to what constitutes a continuing financial interest for the purpose of determining whether DeTemple is a dealer under the Wisconsin Fair Dealership Law has focused almost exclusively the proposition that a dealership exists only when the grantor has the dealer "over the barrel." [See, e.g., Doc. #104, pp. 8-9]. As noted by the Court in its previous Order, Wisconsin state courts have rejected the strict "over a barrel" analysis. [Doc. #81, p. 7]; see also Kelley Supply, Inc. v. Chr. Hansen, Inc., 2012 WI App 40, ¶¶ 14-15, 340 Wis. 2d 497, 812 N.W.2d 539 (Wis. App. 2012); Water Quality Store, LLC v. Dynasty Spas, Inc., 328 Wis. 2d 717, 734, 789 N.W.2d 595, 603 (Wis. App. 2010).

Despite the clear statement of Wisconsin courts on the matter and the Court's own determination that an application of Wisconsin law does not include the "over a barrel" analysis, Defendant still attempts to use the over a barrel analysis at trial. Such usage is improper and the Court must limit Defendant's use of these concepts at trial.

### A. Brand-Specific Investment Is Not Required For A Community Of Interest To Exist.

In its trial brief, Defendant suggests that in order for investment to constitute a continuing financial interest, the investment must not be readily usable for other purposes in the event of termination. [Doc. #104, p. 8]. However, the concept of

brand-specific investment is at the heart of the "over a barrel" analysis the Court has deemed inapplicable to the instant matter. See, e.g., Praefke Auto Elec. & Battery Co., Inc. v. Tecumseh Products Co., Inc., 255 F.3d 460, 464-65 (7th Cir. 2001) (noting, "The function of this requirement is to identify situations in which the manufacturer has the dealer over a barrel….This is not one of those situations. [Plaintiff] has made no significant **brand-specific investments** in promoting [Defendant's] products…") (**emphasis added**); Home Protective Services v. ADT Sec. Services, Inc., 348 F. Supp. 2d 1010, 1014 (E.D. Wis. 2004) ("An alleged grantor has an alleged dealer over a barrel when the dealer has invested 'heavily' in the grantor's brand because, when a dealer has made such **brand-specific investments**, an unscrupulous grantor can behave opportunistically and "exploit the fear of termination that naturally attends a dealer's investment in grantor-specific assets.") (**emphasis added**).

Wisconsin courts have specifically rejected Defendant's contention that investment must be brand-specific. Kelly Supply, Inc., 2012 WI App 40, ¶ 26 ("[Grantor] argues there was no dealership, as a matter of law, because [Dealer] made no [Grantor] brand-specific investment in its business. Again, [Grantor] relies solely on federal cases. Again, we disregard those nonprecedential cases."). On the contrary, the relevant investment is that substantially and reasonably related to fulfill the needs of the distributorship. Id. at ¶ 27. If the putative dealer makes

some significant capital investment as a distributor of the grantor's products, there is a strong indication a continuing financial relationship exits. Id. There is no requirement that the usefulness of these investments be limited solely to the grantor's brand. See id.

It is undeniable that Defendant's position as to the existence of a community of interest requiring brand-specific investment is a direct product of the "over a barrel" analysis this Court and Wisconsin courts have explicitly rejected. Any suggestion that DeTemple must have made Leica-specific investments to demonstrate a continuing financial interest is wholly improper and prejudicial to Plaintiff.

### B. Plaintiff Is Not Required To Demonstrate He Has Not Recouped His Investment To Demonstrate A Continuing Financial Interest.

Defendant contends DeTemple must prove he did not recover the amount of his initial investment during his time selling Leica products in order to demonstrate a community of interest. [Doc. #104, p. 9]. Again, this concept is part of the "over a barrel" analysis which has no bearing in this matter.

In Beloit Bev. Co. v. Winterbrook Corp., the case relied upon by Defendant for its contention, the court's analysis again focused on the underlying concept that the putative dealer was not "over a barrel" because it had recovered its investment in the dealership. 900 F. Supp. 1097, 1108 (E.D. Wis. 1995). The court noted, "The emphasis is upon recoverability because the purpose of the WFDL, as discussed

earlier, is to prevent **<u>unscrupulous grantors from engaging in opportunistic behavior by exploiting the fear of termination that naturally attends a dealer's investment in grantor-specific assets</u>**." Id. (**emphasis added**). Again, although the court did not expressly reference the "over a barrel" analysis, its reasoning was a direct application of the "over a barrel" principle. See Home Protective Services, 348 F. Supp. 2d at 1014 ("An alleged grantor has an alleged dealer over a barrel when…an **<u>unscrupulous grantor can behave opportunistically and exploit the fear of termination that naturally attends a dealer's investment in grantor-specific assets.</u>**" (internal citations omitted)) (**emphasis added**).

The analysis of sunk costs and recovered investments is strictly a product of the "over a barrel" analysis. In asserting the principle, Defendant relies on analysis expressly rejected by the Court. References to Plaintiff's recovery of his investment in Leica-related assets will unduly prejudice Plaintiff by requiring him to meet a higher standard than is required by the law. As a result, the Court must limit any references to Plaintiff's recovery of investments in Leica-related assets.

## CONCLUSION

In light of the Court's Order and the applicable Wisconsin law, use of the "over a barrel" analysis is inappropriate in this matter. Any reference to the "over a barrel" analysis is unduly prejudicial to Plaintiff because it requires him to meet a higher burden than is actually required by law. As a result, the Court must limit

any references to the analysis, specifically brand-specific investment and the recovery of the investment.

Dated this 6th Day of July, 2015.

                                        THE SCHROEDER GROUP, S.C.,
                                          ATTORNEYS AT LAW

                                        */s/ Paul R. Hoefle*
Paul R. Hoefle, Esq.
20800 Swenson Drive, Suite 475
Waukesha, WI 53186
(262) 754-1306
(262) 798-8232  (facsimile)
prh@tsglaw.com

BOVIS, KYLE, BURCH & MEDLIN, LLC

      */s/ W. Randal Bryant*
John V. Burch, Esq.
W. Randal Bryant, Esq.
200 Ashford Center North, Suite 500
Atlanta, GA 30338
(678) 338-3903
(770) 668-0878 (facsimile)
jvb@boviskyle.com
rbryant@boviskyle.com

*Attorneys for Plaintiff*

## CERTIFICATE OF COMPLIANCE

I hereby certify that the foregoing motion has been prepared in Times New Roman 14 font and is in compliance with Local Rule 5.1.

                                    THE SCHROEDER GROUP, S.C.,
                                      ATTORNEYS AT LAW

                                    */s/ Paul R. Hoefle*
                                  Paul R. Hoefle, Esq.
                                  Crossroads Corporate Center
                                  20800 Swenson Drive, Suite 475
                                  Waukesha, WI 53186
                                  (262) 754-1306
                                  (262) 798-8232 (facsimile)
                                  prh@tsglaw.com

                                  *Attorney for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that on July 6, 2015, I electronically filed the foregoing document with the Clerk of Court using the CM/ECF systems which will automatically send email notification of such filing to the all attorneys of record.

DATED:  July 6, 2015

                                  */s/ Paul R. Hoefle*
                                  Paul R. Hoefle
                                  Counsel for Plaintiff