THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| CLIFF DETEMPLE D/B/A TURNING POINT SYSTEMS GROUP,  )<br>)<br>Plaintiff,  )<br>)  CIVIL ACTION FILE<br>v.  )<br>)  NO. 1-09-CV-03272-RWS<br>LEICA GEOSYSTEMS INC.,  )<br>)<br>Defendant.  )<br>_____  ) | |

## PLAINTIFF'S OBJECTIONS TO DEFENDANT'S PROPOSED FINAL JURY INSTRUCTIONS

Plaintiff Cliff DeTemple, d/b/a Turning Point Systems Group, submits the following objections and supporting legal authority pertaining to Defendant's Proposed Final Jury Instructions:

**Instruction No. 4**

Plaintiff objects to this instruction specifically on the grounds that the questions listed for determining credibility should be bulleted rather than numbered in accordance with Eleventh Circuit Pattern Jury Instruction No. 3.4. The numbering of the questions may superimpose additional importance on certain questions given their numbering in the list.

1

**Instruction No. 5**

Plaintiff objects to Defendant's Proposed Jury Instruction No. 5 as unnecessary and likely to confuse the jury. Plaintiff has not offered any expert testimony and Defendant has not expressed an indication it will provide expert testimony. As a result, an instruction pertaining to expert testimony is unnecessary.

**Instruction No. 9**

Plaintiff has no objection to the subject-matter of Defendant's Proposed Jury Instruction No. 9, but does object to the sequence in which it is presented. Defendant's Proposed Jury Instruction No. 9 provides the explanation of the verdict form to the jury and provides the jury with final guidance before beginning deliberations. For these reasons, Plaintiff believes Defendant's Proposed Jury Instruction No. 9 should be the last instruction read to the jury before the jury is released for deliberation.

**Instruction No. 10**

Plaintiff objects to several portions of Defendant's Proposed Jury Instruction No. 10.  First, Plaintiff objects to the language in Paragraph 1 of the proposed instruction which states, "The Wisconsin Fair Dealership Law does not protect every business relationship, but instead only protects those business relationships properly classified as 'dealerships.'" This portion of the instruction is duplicative of the overall instruction and wholly unnecessary in providing the jury the proper

means by which to determine if a dealership existed. The question of whether a dealership exists is independent of any discussion of the protections afforded by the Wisconsin Fair Dealership Law.

Plaintiff next objects to Defendant's definition of the dispute. Defendant's Proposed Jury Instruction No. 10 states, "The dispute here is over whether or not a 'community of interest' exists between Leica and Mr. DeTemple." Such a statement improperly directs the jury away from full consideration of the requirements for a dealership under the WFDL. In essence, Defendant's proposed instruction concedes that a contract existed, under which DeTemple could distribute Leica products. If Defendant wishes to include such a statement in the final jury instruction, the instruction should state "Defendant does not dispute such an agreement exists between DeTemple and Leica."

Plaintiff further objects to the portion of Defendant's Proposed Jury Instruction No. 10 which states, "The Wisconsin Fair Dealership Law's protections apply only to those business relationships that involve a high level of financial interdependence." Wisconsin courts have expressly rejected the inclusion of such language when instructing the jury on whether a dealership exists. See Water Quality Store, LLC v. Dynasty Spas, Inc., 328 Wis. 2d 717, 744, 789 N.W.2d 595, 608-09 (Wis. App. 2010). In Water Quality Store, the court noted the ten Ziegler factors should be the sole factors referenced in an instruction on the existence of a

dealership in accordance with WIS JI-Civil 2796. Id. Whether the level of financial interdependence is sufficient to demonstrate the existence of a dealership is determined by examining the Ziegler factors and Defendant's addition of a component "appears to make the guideposts and *Ziegler* facets irrelevant." Id. Consequently, including Defendant's language as to "a high level of financial interdependence" contravenes established Wisconsin law.

Finally, Plaintiff objects to Defendant's Proposed Jury Instruction No. 10 to the extent it deviates from WIS JI-Civil 2796. In Water Quality Store, the Wisconsin Court of Appeals strongly cautioned that deviation from the pattern instruction set forth in WIS JI-Civil 2796 could constitute error. See id. at 744-45. Defendant's Proposed Jury Instruction No. 10 includes additional language regarding the consideration of the parties relationship and the relevancy of the Ziegler factors that deviate from the strongly preferred format of WIS JI-Civil 2796. Such additions extend into the area the Water Quality Store court warned of in instructing the jury on the existence of a dealership.

**Instruction No. 11**

Plaintiff objects to Defendant's Proposed Jury Instruction No. 11 as to the portion stating: "If and only if you find that a dealership existed between Mr. DeTemple and Leica, you will then be asked whether or not Leica terminated the Distribution Agreement for good cause." Plaintiff specifically objects to the phrase

4

"If and only if…" The use of this language essentially requires Plaintiff to prove the existence of a dealership a second time. Rather, the language should simply state: "If you find a dealership existed, you must then decide whether Leica terminated the Distribution Agreement for good cause."

**Instruction No. 12**

Plaintiff objects to Defendant's Proposed Jury Instruction No. 12 in that it contains an incorrect statement of law. Defendant's instruction states, "If you find that a dealership existed and that Leica terminated the Distribution Agreement with Mr. DeTemple for good cause, you must determine whether or not Leica failed to give Mr. DeTemple adequate notice of the termination." The existence of a violation of the WFDL for failure to provide proper notice of termination is wholly independent of the determination of whether the termination was for good cause.

"The use by the grantor of a written termination notice which does not comply with the WFDL constitutes a violation of the WFDL." Les Moise, Inc. v. Rossignol Ski Co., Inc., 122 Wis. 2d 51, 58, 361 N.W.2d 653, 656 (Wis. 1985). The Wisconsin Supreme Court recognize that a violation of Wis.Stat. § 135.04 can stand independently, even where good cause existed for the termination. Jungbluth v. Hometown, Inc., 548 N.W.2d 519, 524, n. 8 (Wis. 1996) (citing St. Joseph Equip. v. Massey-Ferguson, Inc., 546 F. Supp. 1245, 1250 (W.D. Wis. 1982)

(holding that even where good cause is not at issue, the court must still determine whether the defendant complied with the notice requirements of the statute)).

Consequently, the language contained within Defendant's Proposed Final Jury Instruction No. 12 requiring the jury determine DeTemple was terminated for good cause before addressing the adequacy of the notice is improper and cannot be included in the instruction.

**Instruction No. 13**

Plaintiff objects to this instruction on the basis of Defendant imposes the improper legal standard on Plaintiff to recover damages. Defendant's Proposed Final Jury Instruction No. 13 states, "If and only if you find that Mr. DeTemple was wrongfully terminated, you must determine what sum of money will compensate Mr. DeTemple for the termination of the Distribution Agreement by Leica." The use of the term "wrongfully terminated" is particularly objectionable as this term does not appear in either authority cited by Defendant in support of the proposed instruction.

Under the Wisconsin Fair Dealership Law, the dealer may recover "damages sustained by the dealer as a consequence of the **grantor's violation**." Wis. Stat. § 135.06. (**emphasis added**). Damages may be recovered where no termination occurs, but rather there is insufficient notice which constitutes a violation of the WFDL. See Jungbluth v. Hometown, Inc., 201 Wis.2d 320, 336, 548 N.W.2d 519,

525 (Wis. 1996). Moreover, the recovery of damages for the failure to repurchase inventory is not affected by whether the termination was proper under the WFDL. Wis. Stat. § 135.45 ("If a dealership is terminated by the grantor, the grantor, at the option of the dealer, shall repurchase all inventories sold by the grantor to the dealer for resale under the dealership agreement at the fair wholesale market value."). As a result, Defendant's Proposed Final Jury Instruction No. 13 places an incorrect and impermissibly high burden on DeTemple's right to recover damages.

Additionally, Defendant's Proposed Final Jury Instruction No. 13 impermissibly qualifies the amount of damages by stating, "I'll now define how you must determine the amount of damages, **if any**, to award to Mr. DeTemple." (**emphasis added**). This is duplicative of Defendant's Proposed Final Jury Instruction No. 8, which provides that simply because the jury is instructed on damages does not indicate Plaintiff is entitled to damages. Instructing the jury on this aspect in two different instructions puts unnecessary emphasis on the issue and improperly suggests Plaintiff is not entitled to damages.

**Instruction No. 14**

Plaintiff objects to Defendant's Proposed Final Jury Instruction No. 14 because it improperly orders the considerations the jury should make in determining the value of the remaining inventory. Defendant's Proposed Final Jury Instruction No. 14 states: "In determining the fair wholesale market value of Mr.

DeTemple's remaining inventory of Leica survey equipment that he has not already recovered through sales that he made after termination, you should consider the price that Mr. DeTemple paid for the goods when he purchased them from Leica and subtract any proceeds from goods sold." Defendant misconstrues the underlying legal principle and its proposed instruction is likely to confuse the jury because it attempts to twice deduct the amount of inventory resold by DeTemple.

The fair wholesale market value of inventory is the cost at which the dealer purchased the goods. Roedel-Hanson and Associates, Inc. v. Environamics Corp., 242 F. Supp. 2d 582, 585 (E.D. Wis. 2003). This figure is the starting point for calculating the amount of inventory damages. See id. Only after determining that amount can proceeds from the sale of the inventory be deducted from the value of the remaining inventory. See Kealey Pharm. & Home Care Services, Inc. v. Walgreen Co., 761 F.2d 345, 352 (7th Cir. 1985). As proposed, Defendant's instruction asks the jury to deduct the inventory DeTemple sold in determining the fair wholesale market value and asks the jury to deduct the resold inventory a second time by instructing the jury to "subtract any proceeds from goods sold."

Moreover, Defendant's Proposed Final Jury Instruction No. 14 does not include instruction as to the inclusion of costs associated with the resale of the inventory Leica did not repurchase. In Kealey, the circuit court agreed with the

district court's determination that a dealer could "be reimbursed for those overhead expenses which they had to incur in the process of getting rid of that merchandise." 761 F.2d at 352. In light of the Kealy decision, the jury should also be instructed that the costs associated with the resale of inventory are recoverable.

Finally, Defendant's instruction does not fully inform the jury as to the applicable law pertaining to any contractual provisions regarding the repurchase of inventory. Wis. Stat. § 135.025(3) states, "The effect of this chapter may not be varied by contract or agreement. Any contract or agreement purporting to do so is void and unenforceable to that extent only." In light of this portion of the statute, the jury must be instructed that any portion of the parties' agreement which references the repurchase of inventory is void and unenforceable in this instance.

**Instruction No. 15**

Plaintiff objects to Defendant's Proposed Final Jury Instruction No. 15 to the extent it provides no method by which the jury can calculate damages, but merely states the standard for whether an award of lost profits is proper. In Morley-Murphy Co. v. Zenith Electronics Corp., the court laid out the method for properly calculating damages for lost profits under the Wisconsin Fair Dealership Act as: revenue from the sale of the product, minus the cost of goods sold, minus the variable costs of distributing the products. 142 F.3d 373, 382 (7th Cir. 1998). This amount may then be multiplied by the amount of time the dealer would have

9

continued to profit from distribution of the product. See Moodie v. Sch. Book Fairs, Inc., 694 F. Supp. 1372, 1372 (E.D. Wis. 1988) aff'd, 889 F.2d 739 (7th Cir. 1989). This methodology is necessary for the jury to accurately determine the amount of lost profits attributable to Defendant's violation of the WFDL.

**Instruction No. 16**

Plaintiff objects to Defendant's Proposed Final Jury Instruction No. 16 because it does not define mitigation in accordance with Wisconsin law and fails to note Defendant has the burden of proving Leica could have mitigated its damages. Additionally, Defendant's instruction does not define "reasonable opportunity" in the context of mitigation.

Under Wisconsin law, the party causing the injury bears the burden of proving the injured party could have mitigated its damages. Frieburg Farm Equip., Inc. v. Van Dale, Inc., 756 F. Supp. 1191, 1193 (W.D. Wis. 1991) aff'd, 978 F.2d 395 (7th Cir. 1992) (citing Sprecher v. Weston's Bar, Inc., 78 Wis.2d 26, 42, 253 N.W.2d 493, 500 (Wis. 1977). Additionally, Wisconsin law provides that mitigation is unreasonable "If the effort, risk, sacrifice or expense which the injured person must incur to avoid or minimize the loss or injury is such that a reasonable person under the circumstances might decline to incur it…" Id. (citing Kuhlman, Inc. v. Heileman Brewing Co., 83 Wis.2d 749, 752, 266 N.W.2d 382, 384 (Wis. 1978).

The burden of proof and the definition of what constitutes a reasonable opportunity are essential in providing the jury a complete instruction as to the law. The failure to include these provisions could lead the jury to determine an unreasonable opportunity was reasonable or improperly believe DeTemple must prove it he could not reasonably mitigate his damages. The omission of these terms renders Defendant's proposed instruction objectionable.

**Instruction On Violation Due To Failure To Repurchase Inventory**

Plaintiff believes a jury instruction regarding the WFDL's requirement to repurchase inventory upon termination is proper in this matter. See Wis. Stat. § 135.045 ("If a dealership is terminated by the grantor, the grantor…shall repurchase all inventories sold by the grantor to the dealer…."). Defendant's proposed instructions do not include a proposed instruction on the inventory repurchase issue. Indeed, a plaintiff may bring action for a violation of the WFDL solely on the basis the grantor did not repurchase inventory. See, e.g., Roedel-Hanson and Associates, Inc. v. Environamics Corp., 242 F. Supp. 2d 582, 585 (E.D. Wis. 2003). Given the independent nature of the violation for failure to repurchase, a separate instruction is warranted.

Dated this 8th Day of July, 2015.

                                 THE SCHROEDER GROUP, S.C.,
                                  ATTORNEYS AT LAW

                                 */s/ Paul R. Hoefle*
                                Paul R. Hoefle, Esq.
                                20800 Swenson Drive, Suite 475
                                Waukesha, WI 53186
                                (262) 754-1306
                                (262) 798-8232  (facsimile)
                                prh@tsglaw.com

                                BOVIS, KYLE, BURCH & MEDLIN, LLC

                                 */s/ W. Randal Bryant*
                                John V. Burch, Esq.
                                W. Randal Bryant, Esq.
                                200 Ashford Center North, Suite 500
                                Atlanta, GA 30338
                                (678) 338-3903
                                (770) 668-0878 (facsimile)
                                jvb@boviskyle.com
                                rbryant@boviskyle.com

                                *Attorneys for Plaintiff*

## CERTIFICATE OF COMPLIANCE

I hereby certify that the foregoing motion has been prepared in Times New Roman 14 font and is in compliance with Local Rule 5.1.

                                 THE SCHROEDER GROUP, S.C.,
                                   ATTORNEYS AT LAW

                                 */s/ Paul R. Hoefle*
                                 Paul R. Hoefle, Esq.
                                 Crossroads Corporate Center
                                 20800 Swenson Drive, Suite 475
                                 Waukesha, WI 53186
                                 (262) 754-1306
                                 (262) 798-8232 (facsimile)
                                 prh@tsglaw.com

                                 *Attorney for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that on July 8, 2015, I electronically filed the foregoing document with the Clerk of Court using the CM/ECF systems which will automatically send email notification of such filing to the all attorneys of record.

DATED:  July 8, 2015

                                 */s/ Paul R. Hoefle*
                                 Paul R. Hoefle
                                 Counsel for Plaintiff