THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| CLIFF DETEMPLE D/B/A TURNING POINT SYSTEMS GROUP, ) ) ) Plaintiff, ) ) ) v. ) ) LEICA GEOSYSTEMS INC., ) ) Defendant. ) _____ ) | CIVIL ACTION FILE NO. 1-09-CV-03272-RWS |

## BRIEF IN SUPPORT OF PLAINTIFF'S MOTION FOR DIRECTED VERDICT AS TO THE ADEQUACY OF DEFENDANT'S NOTICE OF TERMINATION

At the close of the evidence, Plaintiff moved the Court to enter a directed verdict in favor of Plaintiff on the issue of whether Defendant provided adequate notice of termination. The evidence presented at trial demonstrates the July 14, 2006 letter does not comply with the requirements of the WFDL. In light of the evidence presented at trial, the only reasonable conclusion is that Defendant failed to comply with the requirements of the WFDL in terminating Plaintiff.

### LEGAL STANDARD

A motion for a directed verdict should be granted when "there can be but one reasonable conclusion as to the verdict." Adams v. Bainbridge-Decatur County Hosp. Auth., 888 F.2d 1356, 1363 (11th Cir. 1989) (internal citation omitted). In

1

determining whether there is sufficient evidence to submit a case to the jury following a motion for directed verdict, the district court should consider all evidence and not just evidence supporting the non-mover's case. Gregory v. Massachusetts Mut. Life Ins. Co., 764 F.2d 1437, 1440 (11th Cir. 1985). If the evidence as a whole, viewed in a light most favorable to the nonmovant, demonstrates a jury could not reach a contrary verdict, the court should grant the motion. Dancey Co., Inc. v. Borg-Warner Corp., 799 F.2d 717, 719 (11th Cir. 1986). Such a motion should only be denied when there is substantial evidence on which reasonable persons could disagree. Picker Int'l, Inc. v. Parten, 935 F.2d 257 (11th Cir.1991).

## DISCUSSION

The Wisconsin Fair Dealership Law requires that a grantor terminating a dealer must include the following elements:

- The grantor shall provide a dealer at least 90 days' prior written notice of termination, cancellation, nonrenewal or substantial change in competitive circumstances;

- The notice shall state all the reasons for termination, cancellation, nonrenewal or substantial change in competitive circumstances; and

- The notice shall provide that the dealer has 60 days in which to rectify any claimed deficiency. If the deficiency is rectified within 60 days the notice shall be void.

Wis. Stat. § 135.04.

The failure to comply with these notice requirements constitutes a violation of the WFDL. See, e.g. St. Joseph Equip. v. Massey-Ferguson, Inc., 546 F. Supp. 1245, 1249 (W.D. Wis. 1982) (noting "it would be more harmonious with the overall purpose of the WFDL to apply the notice requirement" independently of the other aspects of the WFDL); Les Moise, Inc. v. Rossignol Ski Co., Inc., 361 N.W.2d 653, 656 (Wis. 1985) ( "The use by the grantor of a written termination notice which does not comply with the WFDL constitutes a violation of the WFDL."); Jungbluth v. Hometown, Inc., 201 Wis. 2d 320, 332 548 N.W.2d 519, 524, n. 8 (Wis. 1996) (noting "that the statute should be interpreted to require [proper] notice of the termination of the dealership, even if the termination is for good cause, thereby highlighting the independent nature of a cause of action under § 135.04.").

The evidence presented at trial, even when viewed in the light most favorable to Defendant, demonstrates the only reasonable conclusion is that Leica failed to provide adequate notice of termination to DeTemple and thereby violated the WFDL. The July 14, 2006 letter sent to DeTemple cannot meet the requirements of the statute because it does not explicitly show Defendant intended to terminate its agreement with DeTemple. Additionally, it does not provide the effective date of the alleged termination. As a result, Leica never provided DeTemple with proper notice of termination under the statute.

## Defendant's July 14, 2006 Letter Cannot
## Constitute Its Notice of Termination.

In the context of the WFDL, the term "termination" has been interpreted to "clearly mean the act of the grantor which ends the relationship between the parties." Meyer v. Kero-Sun, Inc., 570 F. Supp. 402, 406 (W.D. Wis. 1983); see also Eisencorp, Inc. v. Rocky Mt. Radar, Inc., 03-C-0157-C, 2004 WL 868518, at *8 (W.D. Wis. Apr. 15, 2004) ("Termination is an act by the grantor which ends the relationship between the parties." (internal citations omitted)). Absent the "unequivocal termination[] of the entire relationship" there is no basis for the dealer to pursue a remedy for the impropriety of the action because no termination has occurred. Meyer, 570 F. Supp. at 406.

The evidence presented at trial demonstrates the July 14, 2006 letter lacks the essential component of ending the relationship between the parties. The stated purpose of the letter is "to share the sales history of Turning Point Systems Group (TPSG), clearly identify the sales target for 03 and highlight steps in which the dealer can re-establish an acceptable level of Leica Survey (High-end GPS/TPS) sales." Additionally, the letter indicates the parties intent to *continue* the relationship by the setting of cooperative goals, goals which strongly suggest there is not consideration of terminating the dealings altogether. On its face, the letter cannot meet the requirements of the WFDL to serve as an adequate notice of termination.

Moreover, the evidence introduced through the testimony of Tony Wilson shows Leica had no intention of terminating its relationship with DeTemple until September 18, 2006, more than two months after Wilson sent DeTemple the aforementioned letter. Internal emails also show September of 2006 as the first time Leica considered terminating its relationship with DeTemple. Additionally, Wilson testified the decision to terminate DeTemple was made above his level. This strongly suggests the notice of termination could not come via a letter signed only by Wilson. These factors further demonstrate the lack of termination in the letter.

In Kaeser Compressors, Inc. v. Compressor & Pump Repair Services, Inc., the court examined two different letters from the grantor to the dealer regarding the possibility of terminating the parties' relationship. 09-C-521, 2009 WL 3055341, at *6 (E.D. Wis. Sept. 18, 2009) (A copy of the opinion is attached as Exhibit 1). The first letter sought a business plan from the dealer and the second letter stated:

> If CPR fails to achieve satisfactory growth by not meeting the quarterly levels of the attached growth chart for two or more consecutive quarters, its refusal to agree to the contractual change Kaeser requested will, in the event a change becomes necessary, put Kaeser in the position of having to terminate the CPR relationship on 90 days' notice.

Id. The court determined the "letter thus merely warns CPR that if things did not improve, Kaeser might institute termination notice proceedings. It is, in effect, notice of a possible notice." Id.

Here, as in Kaeser, the July 14, 2006 correspondence is notice of a possible notice. Simply stating that unsatisfactory performance may be grounds for termination does not constitute effective termination under the WFDL. The July letter simply provided TPSG with notice that they may receive a notice of termination if sales do not improve. This characterization of the July letter is confirmed by Leica's decision to send an actual notice of termination (albeit inadequate) on September 29, 2006.

Even assuming, *arguendo*, that the July 14, 2006 letter does constitute notice of termination, the letter fails to comply with the additional requirements of the WFDL. The July 14, 2006 letter does not provide 90 days written notice of the termination as required by the statute. See St. Joseph Equip. v. Massey-Ferguson, Inc., 546 F. Supp. 1245, 1250 (W.D. Wis. 1982) (noting termination notice that did not make it readily apparent when the dealership operations would cease did not comply with 90-day notice requirement). Moreover, although the letter sets forth steps for DeTemple to increase sales, it does not provide the necessary sixty (60) day window and does not note that compliance with the steps set forth in the letter will void an impending termination. These reasons, considered independently of the lack of an intent to terminate the relationship, demonstrate the July 14, 2006 letter does not comply with the requirements of the WFDL.

## CONCLUSION

The only reasonable conclusion to be drawn from the evidence presented at trial is that Defendant's notice of termination failed to comply with the requirements of the WFDL. The July 14, 2006 letter lacks any indication that the relationship would end and does not provide any timeframe for when a termination would become effective. The letter is merely notice of a possible notice, which does not meet the requirements of the WFDL. Consequently, no reasonable juror, even viewing the facts in the light most favorable to Leica, could find Leica provided DeTemple with adequate notice in accordance with the statute. As a result, the Court must grant Plaintiff's motion for directed verdict as to the adequacy of Defendant's notice of termination.

Dated this 9th Day of July, 2015.

        THE SCHROEDER GROUP, S.C.,
         ATTORNEYS AT LAW

        */s/ Paul R. Hoefle*
        Paul R. Hoefle, Esq.
        20800 Swenson Drive, Suite 475
        Waukesha, WI 53186
        (262) 754-1306
        (262) 798-8232  (facsimile)
        prh@tsglaw.com

        BOVIS, KYLE, BURCH & MEDLIN, LLC

        */s/ W. Randal Bryant*
        John V. Burch, Esq.
        W. Randal Bryant, Esq.
        200 Ashford Center North, Suite 500
        Atlanta, GA 30338
        (678) 338-3903
        (770) 668-0878 (facsimile)
        jvb@boviskyle.com
        rbryant@boviskyle.com

        *Attorneys for Plaintiff*

## CERTIFICATE OF COMPLIANCE

I hereby certify that the foregoing motion has been prepared in Times New Roman 14 font and is in compliance with Local Rule 5.1.

        THE SCHROEDER GROUP, S.C.,
         ATTORNEYS AT LAW

         */s/ Paul R. Hoefle*
        Paul R. Hoefle, Esq.
        Crossroads Corporate Center
        20800 Swenson Drive, Suite 475
        Waukesha, WI 53186
        (262) 754-1306
        (262) 798-8232 (facsimile)
        prh@tsglaw.com

        *Attorney for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that on July 9, 2015, I electronically filed the foregoing document with the Clerk of Court using the CM/ECF systems which will automatically send email notification of such filing to the all attorneys of record.

DATED: July 9, 2015

        */s/ Paul R. Hoefle*
        Paul R. Hoefle
        Counsel for Plaintiff