**THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | | |
|---|---|---|
| CLIFF DETEMPLE D/B/A TURNING POINT SYSTEMS GROUP, | ) ) ) | |
| Plaintiff, | ) ) | |
| | ) | CIVIL ACTION FILE |
| v. | ) | |
| | ) | NO. 1-09-CV-03272-RWS |
| LEICA GEOSYSTEMS INC., | ) ) | |
| Defendant. | ) ) | |
| _____ | ) | |

## <u>REPLY BRIEF IN SUPPORT OF PLAINTIFF'S MOTION FOR ATTORNEYS' FEES AND EXPENSES</u>

Following the entry of judgment in favor of Plaintiff DeTemple [Doc. #130], DeTemple filed his Motion for Attorneys' Fees and Expenses. [Doc. #131]. Defendant seeks several downward adjustments to the lodestar amount set forth in Plaintiff's motion on several grounds, including the exclusion of fees for the Wisconsin action which was refiled as the instant action, across-the-board reductions for the reasonableness of hours spent on the litigation, across-the-board reductions for Plaintiff's "limited success", and downward adjustment for the fees of local counsel. [Doc. #136].

Leica fails to present any compelling evidence or authority demonstrating its requested adjustments are proper in the context of this litigation. Leica improperly attempts to exclude fees that were necessary to DeTemple's ultimate success in

1

this matter, improperly relies on generalized and conclusory statements that work performed was cumulative or duplicative, and attempts to significantly reduce the amount of the recovery on the basis of unsuccessful claims that have already been excluded from the requested amount. As a result, the Court should not apply these sweeping reductions, but instead award Plaintiff the full amount requested with only those deductions noted herein.

## DISCUSSION

### I. Fees Associated With The Wisconsin Case Are Recoverable Because It Was Necessary To Plaintiff's Ultimate Success On The Merits.

Lecia asserts DeTemple cannot recover fees associated with the Wisconsin litigation because "no interpretation of the facts would permit considering the Wisconsin result a success." [Doc. # 136, p. 11]. Leica states that because DeTemple achieved no relief on the merits on the WFDL claim in the Wisconsin action, the fees associated with the litigation are not recoverable. However, Leica's position is without legal support and the precedent Leica relies upon demonstrates DeTemple is entitled to recover fees associated with the Wisconsin action.

### A. Prevailing Party Status Is Not Determined When A Matter is Dismissed On The Basis Of Personal Jurisdiction.

The crux of Leica's argument that fees associated with the Wisconsin action are not recoverable is that a dismissal on jurisdictional grounds does not confer prevailing party status, even the party successfully achieving dismissal. [Doc.

#136, p. 9]. However, it is this very principle which demonstrates DeTemple is entitled to fees associated from the Wisconsin Action.

Where an action is dismissed without prejudice on the basis of personal jurisdiction and forum, the determination of whether the plaintiff is the prevailing party cannot occur until the merits of the case are decided in the new forum. See Food Solutions, Inc. v. Washio, No. 1:09-cv-01207-JOF, 2009 WL 4261213 at *2 (N.D. Ga. Nov. 24, 2009) (noting that although the defendant may succeed in changing the forum in which the case is ultimately heard, there is not determination of which party prevails on the merits of the case). Prevailing party status is not conferred upon any party until a material alteration of the legal relationship of the parties occurs. Id.; see also Tidwell v. Krishna Q Investments, LLC, 935 F. Supp. 2d 1354, 1358 (N.D. Ga. 2012) ("To be considered a prevailing party, 'there must be: (1) a situation where a party has been awarded by the court 'at least some relief on the merits of his claim' or (2) a 'judicial imprimatur on the change' in the legal relationship between the parties." (internal citations omitted)).

Rather, federal courts recognize that fees associated with actions that may be initially unsuccessful are recoverable if they are necessary steps that contribute to the plaintiff's ultimate success in the litigation. Air Transport Ass'n of Canada v. F.A.A., 156 F.3d 1329, 1335 (D.C. Cir. 1998); see also Cabrales v. County of Los Angeles, 935 F.2d 1050, 1053 (9th Cir. 1991) ("If a plaintiff ultimately wins on a

particular claim, she is entitled to all attorney's fees reasonably expended in pursuing that claim-even though she may have suffered some adverse rulings."). Attempts to "scalpel out attorney's fees for every setback, no matter how temporary, regardless of its relationship to the ultimate disposition of the case….make[] little sense." Ctr. for Food Safety v. Vilsack, C-08-00484 JSW EDL, 2011 WL 6259894, at *2 (N.D. Cal. Nov. 15, 2011). This is especially true where the setbacks are procedural in nature. See Schneider v. Colegio de Abogados de Puerto Rico, 187 F.3d 30, 48 (1st Cir. 1999). Additionally, where the work associated with the unsuccessful portions of the action remains useful to the remainder of the litigation and contributes to the ultimate result, the fees for that work remain recoverable. See Air Transport Ass'n of Canada, 156 F.3d at 1335.

In this matter, fees associated with the Wisconsin litigation are recoverable because the action was necessary to Plaintiff's ultimate victory at trial. If Plaintiff had not filed the Wisconsin action, the applicable statute of limitations would have barred DeTemple from bringing his claim in the Georgia action and effectively absolved Leica from any liability. When the Wisconsin action was dismissed without prejudice, neither DeTemple nor Leica had yet prevailed on the merits of the case for purposes of determining whether attorneys' fees were recoverable. Although unsuccessful at that stage of the litigation, DeTemple maintained a viable

4

claim and succeeded upon refiling in Georgia, thereby entitling him to attorneys' fees for that portion of the litigation.

Moreover, significant portions of work associated with the Wisconsin action remained useful in the Georgia actions. Nearly all discovery conducted by DeTemple during the Wisconsin action was utilized in the Georgia action and was instrumental to DeTemple in prevailing. Leica produced 1820 pages of documents in discovery in the first action, many of which were used as exhibits at trial. Leica also deposed DeTemple during the Wisconsin action and filed with deposition with the Court at trial. [See Doc. #110]. Given the necessity of the filing of the Wisconsin action and utility of much of the work performed in the Wisconsin action to the Georgia action, exclusion of all fees associated with the Wisconsin action is not warranted.

### B. Signature Networks, Inc. v. Estefan Is Inapposite.

Leica relies almost exclusively on the decision in Signature Networks, Inc. v. Estefan to suggest DeTemple is not entitled to recover fees associated with the Wisconsin action. However, the unique factual setting of Signature limits its applicability, and in the instant matter, renders the decision inapposite.

In Signature, the Northern District of California denied an award of fees associated with a previously filed action in Florida to the prevailing party on the grounds that the Florida action improperly multiplied the proceedings. Signature

Networks, Inc. v. Estefan, C 03-4796 SBA, 2005 WL 1249522, at *5 (N.D. Cal. May 25, 2005). The parties had been negotiating for several months prior to the filing of the action and in lieu of responding to the final settlement offer, the party seeking fees filed an action seeking declaratory relief in Florida. Id. at *4. The party opposing the fees then filed an action in California seeking damages for breach of contract. Id. Although the Florida action was the first filed, the court determined its filing was so improper in light of the parties' previous attempts at settlement that it warranted deviation from the first-to-file rule. Id. As a result, the analysis of Signature is only applicable in cases where the eventually dismissed filing is so improper that it requires a deviation from long-established legal principles. See id.

Here, there is no indication that the Wisconsin action was so improper as to make the Signature analysis applicable. Simply because hindsight demonstrates some strategic decisions did not succeed, if the decisions are not so divorced from the ultimate success in the litigation, the fees associated with the actions remain recoverable. See Applegate v. U.S., 52 Fed. Cl. 751, 767 (Fed. Cl. 2002) aff'd, 70 Fed. Appx. 582 (Fed. Cir. 2003)(unpublished). DeTemple maintained a good faith basis for filing the Wisconsin action and did not go so far as to warrant deviation from an established legal principle in determining jurisdiction of the claim. Rather, the parties maintained a legitimate dispute regarding the enforceability of the

forum selection clause under the WFDL and litigated the matter accordingly. The filing of the Wisconsin action further ensured the court ultimately determining the case did so under Wisconsin law. This consideration of Wisconsin law was vital to Plaintiff's success in the litigation. [See, e.g., Doc. #81, "This Court looks to the decisions of Wisconsin state courts for aid in interpreting the WFDL."]. Defendant presents no argument demonstrating DeTemple's filing of the Wisconsin action was so improper as to reach the threshold set out in Signature. As a result, DeTemple must be awarded fees associated with the Wisconsin action.

## II.    A Sixty Percent Reduction In Attorneys' Fees Is Not Warranted.

Leica contends the overall award of fees must be subjected to an "across-the-board" reduction of sixty percent given "DeTemple's mininimal success relative to his total claim…" [Doc. #136, p. 30]. Leica's position ignores the deductions already made for unsuccessful claims and choses an arbitrary percentage to reduce the overall fee award amount.

There is a strong presumption that the lodestar amount is the reasonable sum the attorneys deserve. Bivins v. Wrap It Up, Inc., 548 F.3d 1348, 1350 (11th Cir. 2008). A party seeking an adjustment of the lodestar amount bears the burden of demonstrating such an adjustment in necessary. See Lambert v. Fulton County, GA, 151 F. Supp. 2d 1364, 1369 (N.D. Ga. 2000); see also Yule v. Jones, 766 F. Supp. 2d 1333, 1341 (N.D. Ga. 2010); Rode v. Dellarciprete, 892 F.2d 1177, 1183

(3d. Cir. 1990); Villegas v. Metro. Govt. of Davidson County/Nashville-Davidson County Sheriff's Off., 3:09-0219, 2012 WL 4329235, at *11 (M.D. Tenn. Sept. 20, 2012).

### A. Additional Reduction Of The Lodestar Is Duplicative of Plaintiff's Own Reductions For Unsuccessful Claims.

The ability of a court to reduce the overall lodestar amount to account for a plaintiff's limited success at trial is the alternative to eliminating hours specifically expended on unsuccessful claims. Popham v. City of Kennesaw, 820 F.2d 1570, 1581 (11th Cir. 1987); see also Moore ex rel. Moore v. Cook, 1:07-CV-631-TWT, 2012 WL 5362892, at *6 (N.D. Ga. Oct. 31, 2012). Where a reduction for unsuccessful claims is necessary, the court may reduce the lodestar on an hour-by-hour basis **or** through an across-the-board reduction, **but not both**. Bivins v. Wrap It Up, Inc., 548 F.3d 1348, 1351 (11th Cir. 2008) (**emphasis added**); see also Weissinger v. Murray, CIV.A.106-CV-1544-TW, 2009 WL 1971612, at *7 (N.D. Ga. July 2, 2009) ("As a general rule, a district court should not conduct both an hour-by-hour analysis and a further global percentage reduction in hours.").

Only when the claims are so related as to make it difficult to divide the hours expended on a claim-by-claim basis should the court focus on the significance of the overall relief obtained by the plaintiff in relation to the hours reasonably expended on the litigation. Hensley v. Eckerhart, 461 U.S. 424, 435 (1983); see also Yule v. Jones, 766 F. Supp. 2d 1333, 1345 (N.D. Ga. 2010). A request for a

8

downward adjustment of the lodestar based on the overall success of the plaintiff is not warranted where the amount has already considered and excluded fees associated with unsuccessful claims. Ayers v. Harrison, 2:10-CV-00032-RWS, 2014 WL 2712297, at *4 (N.D. Ga. June 13, 2014).

In seeking an additional sixty percent downward adjustment of the lodestar, Leica is improperly attempting to seek a second reduction for fees associated with unsuccessful claims. Leica seeks a five-percent reduction for fees associated with unsuccessful portions of DeTemple's claims following its review of deductions made by Plaintiff's counsel for those unsuccessful claims. [Doc. #136, pp. 21-25]. Despite seeking this downward adjustment relating to unsuccessful claims, Leica also seeks a sixty percent reduction because of DeTemple's "minimal success" in the action. [Doc. #136, pp. 28-30]. In doing so, Leica seeks an "unfair double discount against reasonable hours." See Weissinger 2009 WL 1971612, at *7. At most, Leica contends five percent of the requested fees are associated with unsuccessful portions of DeTemple's claims. In light of Plaintiff's efforts to exclude any fees associated with unsuccessful claims, an additional sixty percent reduction is wholly unwarranted and unsupported by this Court's previous holdings.

**B. Even Assuming, *Arguendo*, A Reduction Is Warranted, Leica Provides No Basis For Its Sixty Percent Figure.**

Leica seeks a 60 percent reduction of the overall lodestar amount on the basis that other courts have reduced fees by similar percentages. [Doc. # 136, p. 29]. However, this amount does not consider Plaintiff's exclusion of fees associated with unsuccessful claims and other decisions reflecting substantially smaller reductions in the lodestar in cases where a plaintiff did not achieve the results initially sought at the outset of the litigation.

"[T]he fee award should not be reduced simply because the plaintiff failed to prevail on every contention raised in the lawsuit." Jordan v. Equifax Info. Services, LLC, 549 F. Supp. 2d 1372, 1377 (N.D. Ga. 2008) on reconsideration in part, CIVA 1:04-CV-1451-GG, 2008 WL 821871 (N.D. Ga. Mar. 25, 2008). Even where the plaintiff does not achieve the results initially sought, the reduction of the lodestar need not be as significant as Leica contends. See, e.g., Jordan, 549 F. Supp. 2d at 1377 (applying five percent reduction where "Plaintiff did not achieve the results he initially sought because his claim for punitive damages was dismissed."); Ayers, 2014 WL 2712297, at *4 (applying "an across-the-board reduction of ten percent (10%) for duplicative work and work on unsuccessful claims."); Hornsby v. Three Dollar Cafe, III, Inc., CIVA 103-CV-1668-GET, 2007 WL 2106304, at *9 (N.D. Ga. July 17, 2007) (applying ten percent reduction for

the claims upon which Plaintiff did not prevail and lack of adequate documentation of the time expended on unrelated and dismissed claims).

Here, even if the court determines additional reduction is warranted, Leica's arbitrary sixty percent figure is wholly unwarranted. Leica itself indicates that a review of the relevant billing information warrants only a five-percent reduction for fees associated with unsuccessful claims. Moreover, similar cases, including this Court's decision in <u>Ayers</u>, have not exceeded a ten percent reduction for work performed in relation to unsuccessful claims. In light of these holdings, a sixty percent reduction is wholly unwarranted.

## III.   Additional Reduction Of The Fees Sought For Work Performed By The Schroeder Group, S.C., Attorneys At Law Is Unwarranted.

Leica contends the fee award for charges incurred by DeTemple in his relationship with The Schroeder Group, S.C., Attorneys At Law, are unreasonable in light of block billing, duplicative work performed by excessive counsel, and work performed on unsuccessful claims. [Doc. #136, p. 16]. However, Lecia fails to present sufficient evidence suggesting any of these contentions warrants the requested reductions.

Objections to hours spent in litigation requires the party opposing the fees to voice the objection with exactitude. <u>Mock v. Bell Helicopter Textron, Inc.</u>, 456 Fed. Appx. 799, 802 (11th Cir. 2012). "Generalized statements that the time spent was reasonable or unreasonable of course are not particularly helpful and not

entitled to much weight." <u>Norman v. Hous. Auth. of City of Montgomery</u>, 836 F.2d 1292, 1301 (11th Cir. 1988). Courts have described a "fee opponent's failure to explain exactly which hours it views as unnecessary or duplicative" as "fatal" to the validity of the objection. <u>Am. Home Assur. Co. v. Weaver Aggregate Transport, Inc.</u>, 5:10-CV-329-OC-10PRL, 2015 WL 846650, at *10 (M.D. Fla. Feb. 26, 2015). Absent the reasonable precision required in the objections and underlying proof, there is no basis to warrant exclusion of fees. <u>Corsair Asset Mgt., Inc. v. Moskovitz</u>, 142 F.R.D. 347, 350 (N.D. Ga. 1992). This is especially true where there is no question as to the attorneys' billing incentives because the Plaintiff has paid these legal bills to its counsel, which "in and of itself, is evidence of the reasonableness of the attorney's fees." <u>Eagle Hosp. Physicians, LLC v. SRG Consulting, Inc.</u>, CIV.A.1:04-CV1015JOF, 2009 WL 102217, at *4 (N.D. Ga. Jan. 13, 2009).

## A. The Instances Of Block Billing Are Too Infrequent To Warrant Across-The-Board Reduction.

Leica argues the Court must reduce the overall amount of fees by ten percent because of block billing and duplicative work performed by excessive counsel. [Doc. # 136, p. 20]. However, Leica fails to produce anything beyond generalized statements to support its position, demonstrating the reasonableness of the time sought.

Where there are "relatively few instances of block billing" the court may examine the time spent on each task and an across-the-board reduction is not warranted. Am. Home Assur. Co. v. Weaver Aggregate Transport, Inc., 5:10-CV-329-OC-10PRL, 2015 WL 846650, at *11 (M.D. Fla. Feb. 26, 2015). Reductions for block billing are warranted only in instances where this method of recording time is routinely used and found throughout the time entries. See, e.g., Ceres Envtl. Services, Inc. v. Colonel McCrary Trucking, LLC, 476 Fed. Appx. 198, 203 (11th Cir. 2012) (affirming reduction where "entries **routinely** included half a dozen or more separate tasks." (**emphasis added**); B & F System, Inc. v. LeBlanc, 7:07-CV-192 HL, 2012 WL 2529191, at *12 (M.D. Ga. June 29, 2012) (applying reduction where "blocked entries are **found throughout** [counsel's] time entries." (**emphasis added**).

Here, Leica points out eight (8) instances of block billing it argues warrant a ten percent reduction in the overall lodestar amount. [Doc. # 136, p. 20]. However, in the context of the more than 850 time entries submitted to the court, Leica's complaint than block billing in less than one percent of all entries hardly rises to the level of routine block billing which warrants reduction of the lodestar. [See Doc. #132-2]. The descriptions provide a sufficient basis for the tasks performed and demonstrate the tasks were related to the litigation.

Moreover, the requested downward adjustment does not comport with the evidence provided by Leica. For each instance contained within Leica's objections, the total amount of hours associated with the entry are included and applying the applicable hourly rates (to which Leica does not object) the total amount of fees associated with the alleged "block billing" totals $12,627.50, or approximately three percent of the total amount requested. As a result, a downward adjustment of ten percent is not supported by Leica's objection.

### B. Leica Provides No Specific Information Demonstrating Duplicative Work Performed By Excessive Counsel.

Leica further contends that the "sheer volume of timekeepers billing to the matter creates a redundancy that must be accounted for." [Doc. # 136, p. 20]. However, Leica fails to provide any explanation of work that was duplicated by counsel and simply offers the generalized statement quoted above to support its contention. Given Leica's failure to provide any duplicative time entries, this assertion is without support and does not justify a reduction in the fee award.

"There is nothing inherently unreasonable about a client having multiple attorneys, and they may all be compensated if they are not unreasonably doing the same work and are being compensated for the distinct contribution of each lawyer." Norman v. Hous. Auth. of City of Montgomery, 836 F.2d 1292, 1302 (11th Cir. 1988). Awards for time spent by two or more attorneys in the customary practice of multiple-lawyer litigation are wholly proper. Johnson v. U. College of

14

U. of Alabama in Birmingham, 706 F.2d 1205, 1208 (11th Cir. 1983). Reductions for redundant hours are warranted only if the party opposing the award demonstrates the "attorneys are unreasonably doing the same work." See Ayers v. Harrison, 2:10-CV-00032-RWS, 2014 WL 2712297, at *2 (N.D. Ga. June 13, 2014).

Here, Leica's general assertions do not provide any evidence that time Plaintiff seeks to recover was duplicative or redundant. As noted in Plaintiff's Brief in Support, although several attorneys worked on the case throughout the several years of litigation, the typical arrangement had one partner and one associate assigned to and performing work on the case at the same time. Partner staffing initially consisted of Attorney John Yentz and subsequently Attorney Paul Hoefle. Similarly, associate or junior partner staffing began with Cindy Fryda, transitioned to Amy Lindner, moved to Ben Menzel, and concluded with Michael Kruse. [See Doc. #132-1; Doc. # 132-2]. The relevant documentation demonstrates minimal, if any, overlap between the work performed by these attorneys throughout the course of the litigation. [See Doc. #132-1; Doc. # 132-2]. These facts, in addition to the lack of evidence presented by Leica, demonstrate no downward adjustment is needed to account for duplicative or redundant work.

## C. Further Reduction of Fees Plaintiff Removed Is Not Warranted.

Leica also seeks a five-percent reduction for the inclusion of fees related to expert witness Tracey Coenen, the claim for lost profits, and the breach of contract claims dismissed by the Court. [Doc. #136, pp. 22-24]. However, these objections simply seem to be the product of a word search for the terms "expert", "damages", "breach", and "contract" rather than legitimate objections to the fees associated with the litigation.

In regard to fees associated with expert Tracey Coenen, several of the entries objected to by Defendant address Plaintiff's search for an expert witness and review of the information provided by Leica's expert witness.[1] The only basis for the objection is that the entries include the word "expert", regardless of the actual nature of the tasks performed. Similarly, several of the objections to tasks associated with the claims for lost profits do not relate to DeTemple's unsuccessful claims, but rather general research, claims for any form of damages, or trial preparation.[2] Finally, nearly all of the tasks Defendant objects to in relation to the

---

[1] The relevant entries reflecting these tasks include: Attorney Amy Lindner: 4/11/12 and 4/13/12; Attorney Cindy Fryda: 3/10/09, 5/20/09, 5/28/09; Attorney Paul Hoefle: 1/29/09, 2/2/09, 3/10/09, 1/12/10, 1/22/10.

[2] The relevant entries reflecting these tasks include: Attorney Benjamin Menzel: 6/22/12; Attorney Cindy Fryda: 12/22/08; Attorney Michael Kruse: 6/26/15, 7/4/15, 7/5/15.

breach of contract claims are related to discovery or general strategy.[3] As a result, Defendant's requested reduction is unwarranted. Assuming the remaining objections are applied at the requested rates, the total deduction would amount to $9,707.20, or approximately two (2) percent of the overall amount requested.[4]

### D. Plaintiff Is Entitled To Recover The Fees For Attorney John Yentz.

Leica argues DeTemple cannot recover attorneys' fees for time spent by attorney John Yentz because "There is no evidence corporate counsel Mr. Yentz was needed on this litigation." [Doc. #136, p. 20]. Although Leica lists general tasks performed by Attorney Yentz, it provides no basis demonstrating the tasks were duplicative or unnecessary to the litigation. The range of compensable activities performed by an attorney is wide, including pre-litigation services, productive attorney discussions and strategy sessions, and routine activities such as making telephone calls and reading mail related to the case. Weissinger v. Murray, CIV.A.106-CV-1544-TW, 2009 WL 1971612, at *6 (N.D. Ga. July 2, 2009).

---

[3] The relevant entries reflecting these tasks include: Attorney Benjamin Menzel: 6/19/12, Attorney Cindy Fryda: 2/8/09, 5/19/2009, 11/27/09, Attorney Paul Hoefle: 12/15/09.

[4] This amount reflects a deduction of $4,265 for Leica's remaining objections to tasks associated with expert witness Tracy Coenen, $1,330 for tasks associated with lost profits, and $1,450.20 for tasks associated with the breach of contract claims. In addition, the amount reflects a $2,660 downward adjustment for items excluded from the invoices in Doc. #132-1 but included in the calculations of Doc. #132-2. These amounts total $9,707.20.

The work performed by Attorney Yentz which Leica contends is not necessary to the litigation falls squarely within the realm of compensable tasks. [Compare, Doc. #136, p. 20 ("A majority of Mr. Yentz's time entries are devoted to reviewing e-mails and internal meetings with counsel…" with Weissinger, 2009 WL 1971612, at *6, "compensable activities include…productive attorney discussions and strategy sessions,…routine activities such as…reading mail related to the case…")]. Leica presents absolutely no basis to exclude the time billed by Attorney Yentz beyond its generalization that, "There is no evidence corporate counsel Mr. Yentz was needed on this litigation." Such an assertion is wholly insufficient to exclude Attorney Yentz's time from the award for attorneys' fees.

## IV.    Fees For Local Counsel Are Not Excessive And Should Not Be Reduced.

Leica contends that the fees associated with the services of local counsel, Bovis, Kyle, Burch, and Medlin, LLC, are redundant and clerical in nature, thereby warranting a fifty percent reduction. [Doc. #136, pp. 25-26]. However, Leica fails to consider the responsibilities of local counsel in proceedings in the Northern District of Georgia and the resulting expenses.

Pursuant to Local Rule 83.1, "designated local counsel must sign all pleadings and other papers filed in the case by the attorney appearing pro hac vice. GA R USDCTND LR 83.1. In being required to sign all pleadings and papers, local counsel is subject to the requirements set forth in Federal Rule of Civil

18

Procedure 11. <u>See</u> Fed. R. Civ. P 11(b). Under Rule 11, an attorney signing, filing, or submitting a pleading or other paper must have an understanding as to the purpose of the filing, the law applicable to the filing, and the facts underlying the action. <u>See id.</u> Subsequently, local counsel must not only review the filings of the party it represents, but must also maintain a working knowledge of the procedural and factual background of the case. <u>See id.</u>

In <u>Ballen v. Martin Chevrolet-Buick of Delaware</u>, the court was presented with a similar objection to the fees charged by local counsel. CIV. A. 94-484 MMS, 1998 WL 1013874, at *3 (D. Del. Sept. 17, 1998). The court recognized that its local rules required "that local counsel attend court proceedings and sign all papers filed with the Court" and "signing of pleadings by local counsel means counsel has made certain representations to the court" under Rule 11. <u>Id.</u> In light of these requirements, the court determined "time spent by local counsel reviewing correspondence and pleadings…[to be] eminently reasonable in light of local counsel's responsibilities." <u>Id.</u>

Local Rule 83.1 renders <u>Phillips 66 Co. v. Gish Oil Co.,</u>—which defendant relies upon exclusively in support of its position—inapposite. In <u>Phillips 66 Co. v. Gish Oil Co.</u>, the court reduced local counsel fees as duplicative of tasks performed by lead counsel. 7:13-CV-63 HL, 2015 WL 1321326, at *4 (M.D. Ga. Mar. 24, 2015). However, the applicable local rules for the Middle District of Georgia do

not require local counsel to sign all pleadings and papers, but rather be a "willing member of the local bar of this court upon whom motions and papers may be served and who will be designated as local counsel." GA R USDCTMD Civ Rule 83.1. In light of the vastly different requirements imposed on local counsel under the applicable local rules, the reasoning of <u>Phillips 66 Co.</u> is not instructive in the instant matter.

Here, just as in <u>Ballen</u>, the applicable rule places additional responsibilities on local counsel. Bovis, Kyle, Burch, and Medlin, LLC, approached its role as local counsel and the accompanying responsibilities accordingly. To maintain an adequate working knowledge of the matter, counsel reviewed all filings and relevant correspondence to ensure it met its duty under the local and federal rules. As a result, the tasks performed by Bovis, Kyle, Burch, and Medlin, LLC, were undoubtedly necessary to the litigation and the fees associated were reasonable.[5]

## V.   The Rates Paid By DeTemple To Regas Demonstrate The Reasonable Hourly Rate And Entitle DeTemple To Recovery.

Leica contends DeTemple is not entitled to recover any fees associated with work performed by Regas because it cannot, in essence, determine whether the

---

[5] To the extent Leica objects to the travel time of Attorney Bryant to the courthouse to assist at trial, Plaintiff recognizes a reduction of 50 percent for that travel time is warranted. <u>See</u> <u>Ayers</u>, 2014 WL 2712297, at *2 ("The Court concludes that travel time should be paid at one-half of the hourly rate that the Court has approved for the attorney.").

hourly rates are reasonable. However, Lecia disregards the Court's own expertise in determining the reasonableness of an hourly rates and fails to reference essential portions of the DeTemple affidavit demonstrating the fees are reasonable and recoverable.

The rate charged to fee-paying clients "is powerful, and perhaps the best, evidence of" the of the reasonable market rate for the attorney. Dillard v. City of Greensboro, 213 F.3d 1347, 1354 (11th Cir. 2000); see also Hensley v. Eckerhart, 461 U.S. 424, 448 (1983) ("Most attorneys paid an hourly rate expect to be paid promptly and without regard to success or failure. Customary rates reflect those expectations."); Tire Kingdom, Inc. v. Morgan Tire & Auto, Inc., 253 F.3d 1332, 1337 (11th Cir. 2001) ("the agreed-upon billing rate is a strong indication of a reasonable rate."); Jeffboat, LLC v. Dir., Off. of Workers' Compen. Programs, 553 F.3d 487, 490 (7th Cir. 2009) ("our cases have consistently recognized that an attorney's actual billing rate… is presumptively appropriate for use as a market rate when making a lodestar calculation."); Lane v. Capital Acquisitions and Mgt. Co., 554 F. Supp. 2d 1345, 1349 (S.D. Fla. 2008) ("evidence must be of rates actually billed and paid."). Moreover, the Court "may consider its own knowledge and experience concerning reasonable and proper fees…" Weissinger v. Murray, CIV.A.106-CV-1544-TW, 2009 WL 1971612, at *5 (N.D. Ga. July 2, 2009).

With regard to the Regas fees, there is no basis to suggest the hourly rates are not reasonable and DeTemple cannot recover the full amounts billed. Critically, DeTemple paid the amounts billed by Regas at the listed hourly rates. [Doc. #134, ¶ 7]. This fact alone demonstrates the reasonableness of the hourly rates charged by the Regas attorneys. Moreover, the rates reflected in the invoices demonstrate that all but seven entries were billed at an hourly rate of $168.75, an amount below any of the hourly rates sought by other attorneys in this matter—rates to which Leica does not object. [See Doc. #134-1]. In light of these considerations, there is no basis to exclude the Regas fees from the award.

## CONCLUSION

In light of the foregoing, the Court should not apply the reductions set forth by Leica. Rather, the Court should award Plaintiff an amount consisting of the entirety of the lodestar amount with the minimal deductions set forth herein. In addition, the Court should award Plaintiff $14,065.75 for reasonable and necessary expenses to which Defendant has not objected.

Dated this 21st day of August, 2015.

THE SCHROEDER GROUP, S.C.,
 ATTORNEYS AT LAW


_____/s/ Paul R. Hoefle_____
Paul R. Hoefle, Esq.
20800 Swenson Drive, Suite 475
Waukesha, WI 53186
(262) 754-1306
(262) 798-8232  (facsimile)
prh@tsglaw.com

BOVIS, KYLE, BURCH & MEDLIN, LLC


_____/s/ W. Randal Bryant_____
John V. Burch, Esq.
W. Randal Bryant, Esq.
200 Ashford Center North, Suite 500
Atlanta, GA 30338
(678) 338-3903
(770) 668-0878 (facsimile)
jvb@boviskyle.com
rbryant@boviskyle.com

*Attorneys for Plaintiff*

## CERTIFICATE OF COMPLIANCE

I hereby certify that the foregoing motion has been prepared in Times New Roman 14 font and is in compliance with Local Rule 5.1.

THE SCHROEDER GROUP, S.C.,
ATTORNEYS AT LAW

_____*/s/ Paul R. Hoefle*_____
Paul R. Hoefle, Esq.
Crossroads Corporate Center
20800 Swenson Drive, Suite 475
Waukesha, WI 53186
(262) 754-1306
(262) 798-8232 (facsimile)
prh@tsglaw.com

*Attorney for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that on August 21, 2015, I electronically filed the foregoing document with the Clerk of Court using the CM/ECF systems which will automatically send email notification of such filing to the all attorneys of record.

DATED:  August 21, 2015

*/s/ Paul R. Hoefle*_____
Paul R. Hoefle
Counsel for Plaintiff