THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| CLIFF DETEMPLE D/B/A TURNING POINT SYSTEMS GROUP, ) ) ) Plaintiff, ) ) v. ) ) LEICA GEOSYSTEMS INC., ) ) Defendant. ) _____ ) | CIVIL ACTION FILE NO. 1-09-CV-03272-RWS |

**DEFENDANT LEICA GEOSYSTEMS, INC.'S
OPPOSITION TO PLAINTIFF CLIFF DETEMPLE'S
SUPPLEMENTAL MOTION FOR ATTORNEYS' FEES AND EXPENSES**

Leica Geosystems Inc. ("Leica") submits this opposition to Cliff DeTemple's ("DeTemple") Supplemental Motion for Attorneys' Fees and Expenses. [Dkt. 137]. Given DeTemple's limited litigation success, the Court should reduce his supplemental fee request by at least sixty (60) percent, and award him no more than $2,072.00.

**FACTUAL BACKGROUND**

On July 23, 2015, DeTemple filed his opening Brief in Support Of Plaintiff's Motion for Attorneys' Fees and Expenses [Dkt. 131-1] seeking $454,470.72 in

attorneys' fees associated with the instant case. Concurrent with the filing of his oversized Reply in Support of Plaintiff's Motion for Attorneys' Fees [Dkt. 138],[1] and over a month after filing his original Motion, DeTemple filed his Supplemental Motion for Attorneys' Fees and Expenses [Dkt. 137] on August 21, 2015. DeTemple now seeks attorneys' fees for work preparing the fee request that was performed before the submission of his first Motion. [Dkt. 137-2]. It is unclear why DeTemple did not incorporate this request in his original Motion.[2] Nevertheless, Leica's previous argument that DeTemple's fee award should be decided against the backdrop of his limited success at trial applies equally here.

For the reasons discussed herein, the Court should reduce DeTemple's supplemental request for fees to no more than $2,072.00.

## ARGUMENT AND CITATION OF AUTHORITY

The starting point for any award of attorneys' fees by a federal court is the calculation of the "lodestar." *See Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983).

---

[1] Ignoring Local Rule 7.1's 15-page limit for reply briefs, DeTemple's Reply [Dkt. 138] is nearly equal in length to his opening brief spanning 22 pages without prior permission of the Court and depriving Leica the opportunity to respond to DeTemple's oversized argument. LR 7.1.D, NDGA. Ironically, DeTemple's "supersized" Reply appears to complain that Leica's brief lacked an unnecessary item-by-item analysis of all time entries when DeTemple himself cannot support his request without violating the page limits imposed by this Court.

[2] DeTemple's strategy of filing "supplemental" fee motions begs the question if he intends to file a separate motion for each paper he has submitted or will submit in seeking fees.

The lodestar figure represents "the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Id.* "To determine the appropriate number of hours for the lodestar calculation, a district court should eliminate all hours spent on claims unrelated to the successful claims." *Wis. Compressed Air Corp. v. Gardner Denver, Inc.*, 07-cv-508, 2008 U.S. Dist. LEXIS 72409, *6 (W.D. Wis. Sept. 22, 2008) (emphasis added) (citing *Hensley*, 461 U.S. at 434-35). It is only "[o]nce the court calculates the lodestar" that "it may [then] make appropriate adjustments to increase or decrease the award in light of a number of considerations, including the amount involved and the results obtained." *Id.* (citations and quotations omitted).[3]

DeTemple's supplemental fee request pertains to 29.1 hours spent preparing DeTemple's Motion for Attorneys' Fees and Expenses and supporting documents. Given the limited amount of this supplemental claim relative to DeTemple's overall request, Leica does not challenge the reasonableness of the hours and, for the purposes of this brief, accepts the $5,180.00 requested as the lodestar amount.

---

[3] DeTemple argues incorrectly in his Reply [Dkt. 138] that somehow success-based reductions are impermissible in light of his sporadic self-imposed reductions for certain unsuccessful claims, but the law demonstrates otherwise. *See Wis. Compressed Air Corp. v. Gardner Denver, Inc.*, 07-cv-508, 2008 U.S. Dist. LEXIS 72409 (W.D. Wis. Sept. 22, 2008) (first considering "reasonable hours" deductions when calculating the lodestar, and then reducing the lodestar amount to reflect the low damages award relative to plaintiff's original claim).

However, as shown with respect to DeTemple's original fee request, the Court should "focus on the significance of the overall relief obtained by the plaintiff in relation to the hours reasonably expended on the litigation." [Dkt. 136].

The Court must consider DeTemple's relative success and reduce the requested supplemental amount accordingly. *See Bivins v. Wrap It Up, Inc.*, 380 Fed. App'x 888, 890-891 (11th Cir. 2010) ("That a plaintiff succeeds in only a limited way does not strip him of prevailing-party status, but the degree of his success is "the most critical factor in determining the reasonableness of a fee award."); *Hensley*, 461 U.S. at 434 ("The product of reasonable hours times a reasonable rate does not end the inquiry. There remain other considerations that may lead the district court to adjust the fee upward or downward, including the important factor of the 'results obtained.'").

Specifically, the Court should consider the damages that DeTemple sought in comparison to the damages he actually received.[4] *Andrews v. United States,* 122

---

[4] *See e.g.*, *Popham v. Kennesaw*, 820 F.2d 1570, 1581 (11th Cir. 1987) (finding no abuse of discretion in reducing fees by 67% where jury awarded 1.5% of total damages sought); *Erkins v. Bryan*, 785 F.2d 1538, 1545 (11th Cir. 1986) (reducing fees by 60% not an abuse of discretion where plaintiff obtained 10% of amount sought); *Wis. Compressed Air Corp.*, 2008 U.S. Dist. LEXIS 72409 (reducing WFDL attorneys' fees by 50%); *Ojeda-Sanchez v. Bland Farms*, 6:08-cv-96, 2013 U.S. Dist. LEXIS 149013 (S.D. Ga. Oct. 16, 2013) (reducing fees by 60% where plaintiff recovered 2.3% of damages); *James v. Wash Depot Holdings, Inc.*, 489 F.

4

F.3d 1367, 1376 (11th Cir. 1997); *Erkins v. Bryan*, 785 F.2d 1538, 1545 (11th Cir. 1986) (finding "Plaintiffs certainly did not obtain excellent monetary results here as only 10% of the amount sought was actually obtained" and noting "counsel is obligated to consider the amount involved, the merits of the client's cause, and the chance of success").  The court in *Wis. Compressed Air Corp*, (W.D. Wis. Sept. 22, 2008) recognizes that WFDL cases apply same the lodestar analysis as *Hensley* to "award an amount that is reasonable in relation to the results obtained." 2008 U.S. Dist. LEXIS 72409 at *11.  In *Wis. Compressed Air*, the plaintiff won damages far below its estimate, and the court accordingly reduced the lodestar amount by 50%.  *Id*. at 13 (citing the plaintiff's limited monetary recovery as the basis for reducing the fee award, and citing cases upholding similar reductions).

DeTemple, over Leica's objections, sought over $2.8 Million in damages, including over $2.6 Million in lost profit damages.  The jury awarded only $167,000 for inventory.  Even the limited inventory award was not a discretionary reflection of the merits of DeTemple's case, but instead was *mandated* upon finding that the WFDL applies to the parties' relationship.  In fact, the jury's finding that Leica had *good cause* to terminate DeTemple for consistent failure to

---

Supp. 2d 1341, 1353 (S.D. Fla. 2007) (reducing fees by 50% where plaintiff recovered 0.5% of damages).

5

meet performance targets is more *impactful*, since it negated DeTemple's recovery of *any* lost profits and justified Leica's decision to terminate his distributorship.

DeTemple's actual award – the best measure of his degree of success – totals only 5.9% of the damages sought.  DeTemple also suffered the dismissal of a substantial portion of his case when the Court dismissed his breach of contract claims.  Thus, DeTemple did not achieve anything close to "excellent" or publicly significant results.  Given DeTemple's minimal success relative to his total claim, the Court should reduce the requested supplemental fee amount by sixty (60) percent to $2,072.00.  This is not an arbitrary reduction, but one justified by DeTemple's largely unsuccessful litigation and by reductions made in similarly unsuccessful cases.

Respectfully submitted this 8th day of September, 2015.

>　*/s/  John M. Bowler*
> John M. Bowler, GA Bar No. 071770
> john.bowler@troutmansanders.com
> Lindsay Mitchell Henner, GA Bar No. 272310
> lindsay.henner@troutmansanders.com
> TROUTMAN SANDERS LLP
> 600 Peachtree Street, NE, Suite 5200
> Atlanta, Georgia 30308-2216
> Telephone: (404) 885-3000
> Facsimile: (404) 885-3900
>
> ATTORNEYS FOR DEFENDANT LEICA GEOSYSTEMS INC.

## CERTIFICATE OF COMPLIANCE

I certify that the foregoing memorandum, including footnotes, has been prepared in Times New Roman 14 font and is in compliance with Local Rule 5.1.

By: /s/ *John M. Bowler*

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| CLIFF DETEMPLE D/B/A TURNING POINT SYSTEMS GROUP, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>LEICA GEOSYSTEMS INC., )<br>)<br>Defendant. )<br>_____ ) | CIVIL ACTION FILE<br><br>NO. 1-09-CV-03272-RWS |

## CERTIFICATE OF SERVICE

I hereby certify that on September 8, 2015, the undersigned caused a true and correct copy of **"Defendant Leica Geosystems, Inc.'s Opposition to Plaintiff Cliff DeTemple's Supplemental Motion for Attorney's Fees and Expenses"** to be served upon all counsel of record via the Court's CM/ECF filing system.

By:   /s/ *John M. Bowler*
      John M. Bowler
      Georgia Bar No. 071770
      TROUTMAN SANDERS LLP
      600 Peachtree Street, NE, Suite 5200
      Atlanta, Georgia 30308-2216
      Telephone: (404) 885-3000
      Facsimile: (404) 885-3900
      **john.bowler@troutmansanders.com**

26587348