**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

CLIFF DETEMPLE, d/b/a      :
TURNING POINT SYSTEMS    :
GROUP                             :
                                 :
      Plaintiff,              :      CIVIL ACTION NO.
                                 :      1:09-CV-3272-RWS
v.                                 :
                                 :
LEICA GEOSYSTEMS, INC.,     :
                                 :
      Defendant.            :

**<u>ORDER</u>**

This case is before the Court for consideration of Plaintiff's Motion for

Attorneys' Fees and Expenses [131] and Plaintiff's Supplemental Motion for

Attorneys' Fees and Expenses [137]. After reviewing the record, the Court

enters the following Order.

Plaintiff seeks to recover attorneys' fees and litigation expenses pursuant

to the Wisconsin Fair Dealership Law ("WFDL") Wis. Stat. § 135.01, *et seq.*

"[A] party who, like plaintiff has won a claim under the [WFDL] is entitled to

an award of 'reasonable actual attorney fees.'" <u>Wisconsin Compressed Air</u>

<u>Corp. v. Gardner Denver, Inc.</u>, No. 07-cv-508-bbc, 2008 WL 4379227, at *2

(W.D. Wis. Sept. 22, 2008).  The parties agree that the starting point for an

award of attorneys' fees is the calculation of the "lodestar." The lodestar is calculated by "the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." Hensley v. Eckerhart, 461 U.S. 424, 433 (1983). "Once the court calculates the lodestar, it may make appropriate adjustments to increase or decrease the award in light of a number of considerations, including the amount involved and the results obtained." Wisconsin Compressed Air Corp, 2008 WL at *2. Plaintiff has submitted affidavits and documentation in support of his claim. [132-135] In its Response, Defendant has objected to several categories of fees claimed by Plaintiff.[136] The Court will address fees and Defendant's objections thereto, in turn.

1.  Attorney's Fees

The "fee applicant bears the burden of establishing entitlement and documenting the appropriate hours and hourly rates." Norman v. Housing Auth. of Montgomery, 836 F.2d 1292, 1303 (11th Cir. 1988). The Court finds that Plaintiff has won a claim under the WFDL and thus, is entitled to attorney's fees and expenses.

Defendant does not seriously challenge the hourly rate sought by

2

Plaintiff's counsel. A reasonable hourly rate is "the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation." Id. at 1299. Having reviewed the rates sought by Plaintiff's counsel, the Court finds that the rates are reasonable.

Defendant challenges the number of hours charged by the attorneys representing Plaintiff. First, Defendant asserts that Plaintiff should not recover any attorneys' fees for services provided in connection with the Wisconsin litigation. (Def.'s Opposition [136] at 3). Because Plaintiff won no claims in the Wisconsin litigation, Defendant contends he does not qualify as a prevailing party entitled to an award of fees and expenses. While it is true, that Plaintiff did not prevail in the Wisconsin action, work performed by counsel in that action supported Plaintiff's case in the present action. The Court finds that Plaintiff is entitled to recover for work performed in the earlier action that contributed to the ultimate success in the present action. Air Transport Ass'n of Canada v. F.A.A., 156 F.3d 1329, 1335 (D.C. Cir. 1998).

Specifically, the Court finds that time associated with legal research on claims that were successful in the present case, as well as hours devoted to

3

discovery, are compensable. Hours associated with settlement negotiations in the Wisconsin case and general litigation activities are not compensable. Likewise, the Court finds that, for the most part, the services provided by Regas, Frezdos & Dallas, LLP (the "Regas firm") are not compensable. Based on the Court's review of the billing of the Schroeder Group, the Schroeder Group appears to have conducted substantial research on its own rather than relying on research done by the Regas firm. Thus, the work of the Regas firm would be redundant. The Court reduces the request for fees for the Regas firm by $8,924.29. The Court further finds that a reduction of $22,995 from the fees requested by the Schroeder Group in connection with the Wisconsin case is appropriate.

Defendant argues that attorneys for Plaintiff performed duplicative work and utilized block billing that makes it difficult to identify the time spent on discrete tasks. "There is nothing inherently unreasonable about a client having multiple attorneys." Norman, 836 F.2d at 1302. A reduction for redundant hours "is warranted only if the attorneys are unreasonably doing the same work. An award for time spent for two or more attorneys is proper as long as it reflects the distinct contribution of each lawyer to the case and the customary

4

practice of multiple-lawyer litigation." <u>Johnson v. Univ. College of Univ. of Ala. in Birmingham,</u> 706 F.2d 1205, 1208 (11th Cir. 1983). The Court finds that, for the most part, work of counsel was not duplicative. However, the Court finds some redundancy in the work such that a moderate reduction is appropriate.

Defendant asserts that time and expenses incurred in connection with claims that were not successful should be excluded. The Court agrees that time and expenses that can clearly be identified with unsuccessful claims should be excluded. Plaintiff has excluded 375 hours in his request for "entries relating to Plaintiff's contract-based claims, entries related to the retention, use, and motion practice pertaining to expert witnesses, and entries relating to Plaintiff's unsuccessful Motion in Limine regarding the issue of good cause." (Hoefle Aff. [132-2] at ¶ 13.) Defendant asserts that further reductions are required because Plaintiff failed to identify all of the time that should be attributed to the unsuccessful claims. Additionally, Defendant urges the Court to reduce Plaintiff's attorneys' fees by 60% based on Plaintiff's limited success relative to his damages claim. The Court agrees that a reduction is appropriate based on unsuccessful claims and  Plaintiff's limited success relative to the damages he

5

recovered. However, a reduction of hours plus a percentage reduction would unfairly penalize Plaintiff twice for his lack of success. The Court will restore the hours redacted by Plaintiff for unsuccessful claims. The total of allowed fees (including those for unsuccessful claims) will then be reduced by 60% for the unsuccessful claims, limited success relative to damages, and duplication of services.

Defendant objects to the fees of Bovis, Kyle, Burch & Medlin, LLC (the "Bovis firm") as redundant and unnecessary. The Bovis firm served as local counsel for the Schroeder Group. The Local Rules of this Court require that "designated local counsel must sign all pleadings and other papers filed in the case by the attorney appearing *pro hac vice*." LR 83.1B.(2)., N.D. Ga. By signing the pleading or paper, the attorney is making the representations required by Federal Rule of Civil Procedure 11(b). Therefore, the local attorney must review all submissions and be sufficiently versed in the case to satisfy his Rule 11 obligations. The fees charged by the Bovis firm are consistent with the work that would be required in order to meet those obligations. Defendant's objection to the awarding of fees to the Bovis firm is overruled.

In Plaintiff's Supplemental Motion for Attorneys' Fees and Expenses

[137], Plaintiff seeks to recover attorneys' fees and expenses that accrued after the initial motion [131] was filed. Defendant filed an Opposition [139] in which it did not object to the lodestar calculation by Plaintiff but urges the Court to reduce the amount based on the limited success of Plaintiff's claims. The Supplemental Motion [137] is **GRANTED**, and the Court will award fees associated with the bringing of the Motion for Attorneys' Fees. However, the Court will adjust the fees consistent with the adjustment to the other fees requested by Plaintiff.

Based on the foregoing rulings, the Court calculates the award of attorneys' fees as follows: the total of fees requested in the motion and supplemental motion ($445,584.97) plus the hours redacted by Plaintiff for unsuccessful claims ($131,250) less disallowed hours related to the Wisconsin case ($31,919.29) equals $544,915.68. Having restored the hours for the unsuccessful claims, the Court finds that a 60% reduction for the unsuccessful claims, limited success, and duplication of services is proper. Accordingly, Plaintiff is awarded attorneys fees of $217,966.27.

2.  Expenses

Plaintiff seeks expenses of $14,065.75. Defendant has not objected to the

requested expenses. Having reviewed Plaintiff's request, the Court finds Plaintiff is entitled to recover the requested expenses of $14,065,75.

Based on the foregoing, Plaintiff's Motion for Attorneys' Fees and Expenses [131] and Plaintiff's Supplemental Motion for Attorneys' Fees and Expenses [137] are **GRANTED**, and Plaintiff is awarded $217,966.27 for attorneys' fees and $14,065.75 for expenses, for a total award of $232,032.02.

**SO ORDERED**, this 2nd day of October, 2015.

_____
**RICHARD W. STORY**
United States District Judge

8